CASE No. 1044.

## UNION BANK OF SOUTH CAROLINA v. HEYWARD.

1. A bank-teller being dismissed from his office in March, retained of the funds in his hands $1500, claimed by him as his salary for the whole year. In April, the bank, claiming that his salary had been reduced to $1000 per annum, brought suit upon the teller's official bond, alleging refusal to turn over $1250 of the funds of the bank, and the only issue raised by the answer was, that defendant was entitled to retain the said sum of $1250 for his salary as teller. *Held,* that defendant had treated the contract as entire, and could not, therefore, assert his claim until the time when it became payable.

2. The teller having given bond to deliver up to the bank all moneys, &c., when required to do so, the bank might demand of him at any time, with or without dismissal, the assets in his hands; and a refusal to deliver was a breach of the bond.

3. The construction of a written receipt is not for the jury, but is a matter of law for the court.

4. Against the demand of the bank, the defendant could set off nothing more than was due him by the bank at the time of action brought.

Before Pressley, J., Charleston, February, 1880.

Associate Justice McIver declined to sit at the hearing of this appeal, because of his being a stockholder in the plaintiff corporation. By consent of counsel, the case was heard by the two remaining justices.

This action was commenced April 28th, 1877, by the Union Bank of South Carolina against W. H. Heyward, Jr., teller, and James B. Heyward, a surety on the official bond of the teller, for moneys alleged to be in the hands of W. H. Heyward and not turned over to the bank when demanded. Heyward ceased to be teller on or about March 10th, 1877, under the following resolution :

"Whereas, by resolution of the board of 15th March last, the salary of William H. Heyward, Esq., teller and book-keeper, was reduced from $1500 to $1000 per annum, to take effect from and after the 1st of June, 1876 ; and whereas, the date when such reduction should · take effect was afterwards extended to January 1st, 1877, in consequence of Mr. Heyward's claim that he had been employed for one year from 1st January, 1876, at a salary of $1500 per annum, and that the salary could not legally be reduced before the expiration of the year, of which extension of time due notice was given to Mr. Heyward ; and whereas, Mr. Heyward refuses to accept the reduced salary, to wit, $1000 per annum, from 1st January, 1877—

"*Resolved,* That Mr. William H. Heyward, Jr., be and he is hereby removed and relieved from the office of teller and book-keeper, and that he be and is hereby required to surrender and account for the assets and property of the bank which now are or have been in or under his care, custody and control."

The following receipt was then given :

CHARLESTON, S. C., March 10th, 1877.
Received of Mr. Wm. H. Heyward, Jr., teller and book-keeper of the Union Bank of South Carolina, the following notes, to wit, * * * all unpaid, and all the books left in his charge by said bank.

Also, received of Mr. Heyward the sum of six thousand one

hundred and four dollars and ninety-nine cents, which, according to the balance sheet upon Mr. Heyward's books, appears to be the amount due by him to the bank.

Mr. Heyward states, however, that he has retained and charged upon said books the sum of fifteen hundred dollars as salary, from 1st January, 1877, to 1st January, 1878, as appears from the entries in said books.

The bank denies Mr. Heyward's right to retain said sum, and alleges that Mr. Heyward is only entitled to charge and retain compensation for his services from 1st January, 1877, to 1st April, 1877, at the rate of one thousand dollars per annum. And this receipt is given and intended to be without prejudice to the rights of either party in respect to the rate of Mr. Heyward's compensation, or his right to retain the amount hereinbefore mentioned as claimed and retained by him.

(Signed)        H. D. ALEXANDER,
*Cashier Union Bank of South Carolina.*

Other facts are stated in the opinion. Under the charge of the presiding judge the jury found a verdict for plaintiff of $1250, with interest. Defendants appealed.

*Messrs. J. L. Buist* and *A. G. Magrath,* for appellants.

*Mr. Isaac Hayne,* contra.

June 28th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. The defendant (appellant) was in the employment of the respondent plaintiff during the year 1876, as teller, at a salary of $1500 per annum. At the beginning of this engagement appellant gave bond with surety, conditioned generally "for the faithful discharge of the duties of the office, and, especially, that whenever required he would deliver up to the bank all goods, moneys and choses in action belonging to said bank, &c., which shall have come into his hands or care." Some controversey arose between the appellant and respondent during the year 1876, as to the reduction of appellant's salary for that year down to $1000. This, however, was arranged, and

appellant continued at the sum of $1500.  After January 1st, 1877, appellant still continued in the bank discharging the duties of the office, until some time in February, when the controversy as to the salary again started, respondent contending that the board of directors had decided, by resolution the previous year, that the salary of the teller, as well as of the other officers, should be reduced for the year 1877, of which the appellant had notice, and the appellant denying that he had received such notice, and claiming that having entered on his duties in January, without notice, that he was entitled to the salary of the previous year, viz., $1500.

The parties failing to agree as to this matter, appellant was dismissed March 10th, 1877.  Thereupon appellant delivered to the bank all the property in his hands belonging to the bank, except the sum of $1500, which he claimed that he had the right to hold in payment of his salary for the year, and he refused to turn this amount over.

This action was then brought upon the bond of appellant, alleging as a breach that appellant had refused and still refuses to account for and pay and deliver to the bank the money so received by him.  The defendant (appellant) in his answer admits the execution of the bond; insists that he performed all the duties of his office, and claims that he is entitled to retain the amount in his hands, viz., $1250, for the salary due him as teller for the year 1877, which sum is the amount for the year, at the rate of $1500 per annum, less $250, conceded by plaintiff.

Upon these pleadings, after testimony, the parties went to the jury.  The principal question of fact which the jury was called upon to decide was, what was the salary of the defendant for the year 1877?  Was it $1500 or $1000?  This depended upon the further fact, which the jury had to solve, did the appellant, before he entered upon his duties in January, 1877, have notice of the resolution of the board of directors reducing his salary for that year?  This fact the jury seems to have found against the appellant, and, so finding, their verdict was for the plaintiff (respondent) $1250.

The appellant requested the judge to charge four legal propositions, one of which, the first, the judge charged, the other three

he declined, and the appeal assigns as error the refusal of the judge thus to charge, with two other exceptions to the charge as made, which will be noticed at the proper place.

The first error assigned is that the judge refused to charge the jury as requested, " that if the jury believed that the defendant was discharged by the plaintiff without cause, and simply because he refused to accede to the reduction of salary at the caprice of the plaintiff, then at law, he would be entitled to be reimbursed for his damages for the plaintiff's breach of said contract, and it is the duty of the jury to assess the damages."

The rule on the subject of damages, in cases of entire contracts, is this : If a party be dismissed without cause he becomes entitled to the full amount of the wages agreed upon ; but in such case he should treat the contract as subsisting to the end of the year and he could not recover upon it until the expiration of the term for which he was employed. He has the right, however, to regard the contract as rescinded and put an end to, but in such case he will be held to have waived his claim to damages for the whole period, and will be restricted to compensation on a *quantum meruit* up to the time of dismissal. *Watts* v. *Todd*, 1 *McMull.* 26.

Now apply this principle to this case. Here the appellant claims to have been dismissed without cause. If this was true, which was a question of fact for the jury, the appellant had the right to wait until the end of the year, or the end of each month, if his salary was payable monthly, and then sue for it, or he could have treated the contract as rescinded at once, and have sued for the amount then due. And, if sued himself by his employer, he would be entitled to set up, by way of counter-claim or by discount, under the old practice, provided his right of action had accrued, such amount as then might be due him.

In this case the action of the respondent was commenced before the end of the year, or the month, and the appellant, would have been precluded from setting up a counter-claim for the whole amount, or even the amount for the month, had he attempted to do so, for the reason that there was nothing then due him under the contract. He had no right of action, and he

cannot set up a demand by way of counter-claim, upon which no right of action has accrued to himself.

Has he treated the contract as rescinded and claimed damages up to the time of dismissal?

Upon looking into his answer it will be found that no such defence is set up. He claims in his answer " that he is entitled to retain the said sum of $1250 for the salary due him as teller for the year commencing in January, 1877." This is the only issue which he raises. Under these circumstances there was no error on the part of the judge in declining to charge as requested on this proposition.

2. Appellant requested the judge to charge "that if the jury believed from the evidence that the plaintiff called upon the defendant to deliver up the assets—which were properly in his control—not in pursuance of any regular duty imposed on him in the ordinary course of business, but simply for the purpose of compelling him to acquiesce in his discharge by the plaintiff, then there was no breach of his contract in his refusal to deliver said assets, if they find that he was then willing, and always had been willing to account for the same."

The judge refused thus to charge, and we can find no error in this. The appellant was an employee of the respondent. He had given bond to the respondent " to deliver up to respondent all goods, moneys and choses in action belonging to said respondent." We conceive that the respondent had the right at any time to demand possession of such of the assets of the bank as might be in the hands of the teller or any other employee, either with or without dismissal. The property entrusted to the employee was not his property, but the property of the bank, and the bank had the right to control, and a refusal on the part of the employee to turn it over upon demand at any time would be a breach of duty, and where bond had been given, as in this instance, would be a breach of the bond.

So that the Circuit judge could not have legally charged the proposition as requested. In addition to this the judge says, there was no evidence pertinent to this subject, and that the case put was a hypothetical case, having no application to the case in hand.

3. Appellant excepted, because the judge declined to charge "that if the jury believed from the evidence that there was a controversy between the plaintiff and the defendant as to the amount which was to be paid to the defendant by the plaintiff; and if they agreed that the defendant should retain the sum of $1250, subject to the adjudication of the said claim, the plaintiff cannot recover, unless the jury believe that the defendant was not justly entitled to retain that amount; and if they believe that the defendant's claim was correct and just, then the verdict should be in his favor."

The propriety of this charge depends upon the fact whether the respondent had agreed that appellant should retain the sum of $1250, acknowledged to be in his hands, subject to adjudication. This, again, depended upon the construction to be placed on the receipt which had been given by respondent when the other property was turned over. The construction of this receipt, being a matter of law, was for the court, and not for the jury. And the court holding that there was nothing in the receipt intimating that plaintiff assented to the defendant retaining that money, he could not have charged as requested.

4. Appellant excepted to the charge, "because his Honor charged the jury that the defendant having been discharged by the plaintiff during the year for which he was employed, without cause for such discharge, could not retain of the moneys of the plaintiff which were in his hands, an amount equal to the salary for the year for which he had been employed, and during which he had been discharged without cause."

We have looked into the charge of the judge as furnished in the "case," and we do not find any language which admits of the construction as presented in this ground. The judge nowhere charged, as we understand from the printed copy of his charge in the brief, that the defendant had been dismissed without cause. The question of fact which he submitted to the jury was, whether the appellant had sufficient notice that his salary had been reduced; and he charged them as matter of law, that if he did have this notice then his discharge was lawful; but we do not see that he stated that appellant had been dismissed without cause.

5. The appellant excepts further " because his Honor charged that defendant could not set off against demand of plaintiff for money in his hands, the demand of the defendant against the plaintiff for money agreed by the plaintiff to be paid to the defendant for his services, and from the performance of which services the plaintiff had, without cause, prevented the defendant."

This embraces the same statement as the ground above, viz., that his Honor charged " that appellant had been prevented from discharging his duties without cause." The judge did charge that appellant could not set off against the respondent anything more than was due him at the time the action was brought. There was no error in this.

A counter-claim is a cross action, and it must contain all the elements of a cause of action, and must be governed and judged by the same rules which apply to the complaint. And to entitle a defendant to set it up, one of the first necessities is that a right of action must have accrued ; in other words, the claim must be due. *Pom. on Rem.*, § 738.

There was no counter-claim technically and formally set up in this case, such as is required where the defendant intends to rely upon it as such. And even had this been attempted it would have been totally. defective, because the claim for services was not due, and might never have become due. The death of the defendant during the year would certainly have defeated a portion of the claim.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

McGowan, A. J., concurred.