LONG v. SOUTHERN RAILWAY CO.

1. RAILROADS—STOCK—NEGLIGENCE—BURDEN OF PROOF.—When the killing of stock by a railroad train has been established, the burden of proof is then cast on the company to show that it was not done through negligence.

2. CHARGE.—A party desiring the benefit of a particular proposition of law, must submit a request embodying it.

3. IBID.—It is harmless error for a Judge to instruct the jury that a horse or a cow has no faculty of discerning approaching danger.

4. IBID.—When a charge is more favorable to a party than it should be, he cannot complain.

5. IBID.—This request substantially charged.

6. PLEADING—PRACTICE—CONTRIBUTORY NEGLIGENCE.—Where a complaint alleges damages for carelessness of defendant without fault of plaintiff, the question of contributory negligence may be submitted to the jury without being pleaded.

7. CHARGE.—It is proper for the Judge to refuse to charge "if the facts show that the horse of plaintiff was killed by accident, then the verdict must be for defendant."

8. IBID.—REQUESTS.—It is not necessary for a Judge to read to the jury requests which he refuses to charge, nor to say to the jury whether or not they are correct propositions of law.

Before GARY, J., Union, February, 1896.    Reversed.

Action by Grant F. Long against the Southern Railway Company.    Judgment for plaintiff.    Defendant appeals.

*Messrs. Duncan & Sanders*, for appellant, cite: *Railroad killing stock, burden of proof:* 20 S. C., 254.    *Contributory negligence:* 20 Mo., 277; 22 Wis., 245; 57 Ind., 86; 17 Ind., 102; 58 Ia., 195; 42 S. C., 468.

*Messrs. Munro & Munro*, contra (oral argument).

July 13, 1897.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This case was commenced in February, 1896, and came on for trial at the October (1896) term of the Court of Common Pleas for Union County before his Honor, Judge Gary, and a jury.    The complaint alleges: (1) The corporate existence of the defendant.    (2) That on the 30th day of November, 1895, the plaintiff was the owner and possessor of a horse of the value of $50, which casually and without the fault of the plaintiff strayed in and upon the track and ground occupied by the railroad of the said defendant.    (3) That the said defendant, by its agents and servants, not regarding its duty in that respect, so carelessly and negligently ran and managed the said locomotive and cars, that the same ran against and over the said horse of the plaintiff and killed and destroyed the same, to the damage of the plaintiff $50.

The answer of the defendant admitted the allegations contained in paragraph 1 of the complaint, but denied all the other allegations.    The jury rendered a verdict in favor of the plaintiff for $30.    The defendant appealed upon ex-

ceptions, the first and second of which complain of error on the part of the presiding Judge, as follows: "1st. In charging substantially: 'That when it has been shown by a plaintiff that his stock has been killed by a train on a railroad track, the burden is shifted to the railroad company to show, by the preponderance of the evidence, that, although they killed the stock, it was not done through any negligence on its part.'" Whereas his Honor should have charged that the burden of proof was on the plaintiff throughout the entire case, and that if, after all the evidence was in, the jury were not satisfied by the preponderance of the evidence that the stock was negligently killed, then the verdict should be for the defendant. "2d. Because, after instructing the jury, 'that when the plaintiff shows that the railroad company killed the stock, in the operation of its railroad, the law presumes that the killing was through carelessness and negligence of the railroad company.'" His Honor further charged, "Now, if the railroad company comes in and satisfies you by the preponderance of the evidence that, although they killed that stock, it was not through any negligence or carelessness on the part of the railroad company, why then it would not be liable." The burden of proof, when the killing of the stock was established, was on the defendant to show, by the preponderance of the evidence, that it was not done through negligence on its part.

If the defendant desired to get the benefit of the proposition of law, stated in the exception, "that if, after all the evidence was in, the jury were not satisfied, by the preponderance of evidence, that the stock was negligently killed, then the verdict should be for the defendant," then it should have embodied it in the form of a request to charge. Having failed to do so, it cannot now complain that there was error on the part of the Circuit Judge in not so charging.

The third exception is as follows: "3d. In deciding as a fact, 'that a horse or a cow on the railroad track has

no faculty of perceiving danger that is approaching.'" Even if there was error, it was harmless.

The fourth and fifth exceptions are as follows: "4th. In charging, 'if the railroad employeés use ordinary and proper precaution to ascertain as to whether its path was obstructed, and if it was obstructed it used proper and ordinary care, such as a prudent and cautious engineer would use under the circumstances, then the railroad company could not be said to be negligent in the operation of its railroad.'" Whereas, we submit, his Honor should have charged that the care required of a railroad company in the management of its trains is such care as men of ordinary prudence usually exercise in the management of their affairs. "5th. In charging in reference to the measure of duty required of defendant's engineer: 'It was his duty, in the first instance, to avoid a collision, if he could, by the use of ordinary care, such care as a prudent, ordinary engineer would have used under the circumstances.' Whereas his Honor should have instructed the jury that the degree of care required was such as men of ordinary care and prudence usually exercise in the management of their affairs." The charge of the Circuit Judge was more favorable to the defendant than it should have been, and as it was not prejudiced thereby, it cannot complain of error.

The sixth exception is as follows: "6th. In not charging defendant's second request, to wit: 'All that the law requires of a railroad company in running its train and engine, while passing through uninclosed lands where the stock law prevails, is the same kind of care that men of ordinary care and prudence usually exercise in the management of their affairs.'" The proposition of law contained in this exception was substantially charged by the presiding Judge.

The seventh and eighth exceptions are as follows: "7th. In not submitting to the jury the question of the contributory negligence of the plaintiff, and in holding that this

could not be submitted to them because it had not been set up or alleged as a defense. 8th. In refusing to charge defendant's sixth request, to wit: 'Even if the defendant did manage its train negligently, yet if the owner of the stock carelessly and negligently allowed his stock to roam at large at a place where he knew, or ought to have known, that it was dangerous, and if this contributed to the injury, then the verdict must be for the defendant. In considering the question of contributory negligence of the owner, the jury should consider whether the stock was allowed, under law, to run at large at the point where the stock was killed; whether the owner allowed it to run at large where trains frequently passed, as well as all the circumstances that may have been shown to exist.'" When the presiding Judge was requested to charge the jury in regard to contributory negligence, he said: "The defendant has requested me to charge certain requests. I have refused the one relating to contributory negligence. My understanding of the law is, that if you desire to get the benefit of contributory negligence, it must be alleged as one of your defenses. There is no such plea in the answer here as contributory negligence, and, therefore, I will not submit the question of contributory negligence to the jury. The railroad company is charged with only such ordinary care as a prudent engineer would use under the circumstances." If the complaint had not alleged that the plaintiff was without fault, the presiding Judge would have been correct. It is true, this allegation formed no part of the cause of action, but it was material, and the defendant was entitled to the benefit of all evidence bearing upon it. *McElwee* v. *Hutchinson*, 10 S. C., 436. These exceptions must be sustained.

The ninth exception is as follows: "9th. In not charging, 'if the facts show that the horse of plaintiff was killed by accident, then the verdict must be for defendant.'" Even if the horse had been killed by accident, it might have been through negligence on the part of

the defendant.    Therefore, his Honor was not in error in failing thus to charge.

The tenth exception is as follows: "10th. In not reading over defendant's requests to charge and instructing the jury specifically as to whether each one was or was not sound propositions of law." When the presiding Judge refuses requests to charge, he is not compelled to read them in the hearing of the jury, nor is it necessary that he should instruct the jury that they do not contain sound propositions of law.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MR. JUSTICE POPE concurs in the result.