BRANHAM v. THE CAMDEN COTTON MILL.

NEGLIGENCE—MASTER AND SERVANT—MACHINIST.—A complaint alleging
that plaintiff was employed by defendant as machinist, and upon
going to engine room at request of engineer, placed his hand on
latchet of engine until engineer could make a wedge to fasten it,
and while thus placed, his hand was caught and badly lacerated,
charging negligence in defendant in furnishing defective appliances,
and in not stopping engine for repairs, states no cause of action
against defendant.

Before TOWNSEND, J., Kershaw, September, 1900. Af-
firmed.

Action for damages for personal injuries by Starling W.
Branham against The Camden Cotton Mill. From judg-
ment sustaining demurrer of defendant, plaintiff appeals.

*Mr. Wm. D. Trantham,* for appellant, cites: *Whether*

*defendant failed to furnish suitable machinery, or was negligent in not stopping the engine, are questions for the jury:* 15 S. C., 449; 18 S. C., 270; 19 S. C., 20; 47 S. C., 382; 51 S. C., 296.

*Messrs. Wm. M. Shannon* and *Clark & Muller,* contra. The latter cite: *Failure to furnish safe machinery was not a breach of duty of defendant to plaintiff:* 15 S. C., 449. *No negligence alleged in mending machinery in motion:* 44 S. C., 442. *The complaint shows contributory negligence on part of plaintiff and should have been dismissed:* 58 S. C., 491; 55 S. C., 488; 166 N. Y., 522. *No causal relation alleged between negligence of defendant and injury to plaintiff:* 58 S. C., 491.

September 7, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order sustaining a demurrer for insufficiency to the following complaint:

"I. That the defendant, The Camden Cotton Mill, is now, and was at the time hereinafter mentioned, a corporation duly created under and by the laws of the State of South Carolina, and is, and was, operating a cotton mill at Camden, in said county and State, and the plaintiff was, on said date hereinafter mentioned, in its employ as a machinist.

"II. That on November 3d, 1899, he walked from the machine shop into the engine room, which was near each other, and was asked by S. B. Turner, the engineer, to assist him in adjusting the engine, which was out of gear, it being the plaintiff's duty as machinist to adjust or repair, and to assist in adjusting or repairing, any of the machinery about said mill that might need it; that the dash-pot of the engine was out of order, the latch thereof not catching, and said engineer directed the plaintiff to put his hand on the latch and hold it in place; for a minute or such matter, while he, said engineer, could make a small wooden wedge with

which to tighten it, and that, while thus engaged, the plain-
tiff's left hand, with which he was holding said latch in
place, caught in machinery, without any fault or negligence
on his part, and was badly lacerated, cut and bruised, the
forefinger being mashed and cut off near the nail and the
middle finger cut, mashed, broken and crushed nearly its full
length, so that the plaintiff was thereby seriously, painfully
and permanently injured.

"III. That the mill was running all the time, night and
day, and the engine could not be stopped without also stop-
ping the mill; that the engine had been out of gear two or
three days immediately before said accident, which fact was
known to the engineer, and also, as he is informed and
believes, to John Schofield, the superintendent of the mill;
that the defendant should have furnished reasonably safe
machinery with which to run its mill, or should have stopped
the mill while its machinery was being adjusted or repaired,
and it was grossly negligent in failing to do so on this
occasion."

The fourth allegation relates to the damages sustained,
concluding with the statement, "that he (plaintiff) has been
damaged through the gross negligence of the defendant as
aforesaid in the sum of $2,000."

The specific grounds of demurrer were:

"1. Because the allegations in the complaint do not show
negligence on the part of the defendant.

"2. Because the allegations in the complaint do show con-
tributory negligence on the part of the plaintiff.

"3. Because it does not appear from the allegations of the
complaint that the injury complained of resulted from the
alleged negligence of the defendant as a proximate cause
thereof."

The Circuit Court sustained the demurrer, but did not
state whether his order was based upon the insufficiency of
the allegations as to defendant's negligence, or upon the
ground that the complaint shows contributory negligence on
the part of plaintiff.

We approve the order sustaining the demurrer upon the first and third specifications above. As stated in *Jarrell* v. *R. R. Co.*, 58 S. C., 493 : "To constitute a cause of action for negligence, the complaint must not only show that the defendant was negligent, but that the negligence of the defendant was the proximate cause of the injury." The conduct of defendant alleged to be negligent was (1) failure to furnish reasonably safe machinery with which to run its mill, or (2) failure to stop the mill while its machinery was being adjusted or repaired. Negligence involves a breach of some duty owing to the complaining party. Now while it is true the master owes to his employee the duty of furnishing reasonably safe machinery with which the employee is required to operate, the rule has no application to the facts alleged in this case. The plaintiff was not required, nor was it his duty, to operate the defective engine. His business and duty as machinist was to repair defective or unsafe machinery, and it would be strange indeed if the very condition which gave rise to his employment and duty should itself be a breach of the employer's duty to him. We think it clear that the defendant did not owe any duty to plaintiff to furnish an engine with dash-pot and latch in order.

In reference to the disjunctive allegation that defendant should have stopped the mill while the machinery was being operated, adjusted or repaired, there is nothing to show that it was the duty of the defendant to stop the mill. It is not alleged that defendant required plaintiff to make any repairs on said engine while it was in operation, for while it is alleged that the engineer directed him to hold the latchet in place while the engineer prepared a wedge to tighten it, it does not appear that the engineer was his superior officer, with power to control or direct his services. It is not alleged that the defendant knew, or ought to have known, that plaintiff was attempting to hold the latchet for the engineer while the machinery was in motion; nor does it appear that plaintiff requested, or had any reason to believe or expect, that the mill would stop while he was so engaged; on the con-

trary, it appears that he took hold of the latchet while the engine was running and the engineer was engaged in preparing a wedge, and so without any expectation of the mill stopping. We fail to see wherein any negligence of defendant was a proximate cause of the injury, but, on the contrary, it appears that the proximate cause of the injury was plaintiff's voluntary and unnecessary exposure of his person to the moving machinery.

The judgment of the Circuit Court is affirmed.