## LATIMER v. YORK COTTON MILLS.

DAMAGES—PERSONAL SERVICE—SALARY—BREACH OF CONTRACT—PLEADINGS.—The measure of damages for breach of contract for personal services is the salary to be paid for the contract time, but master may show in mitigation of damages what servant earned or could have earned in meantime, and should be pleaded in answer; but, under the allegations in this complaint, the defendant can introduce such evidence under the general denial.

Before. WATTS, J., York, April term, 1902. Reversed.

Action by W. C. Latimer against York Cotton Mills. From judgment for plaintiff, defendant appeals.

*Messrs. J. S. Brice* and *W. W. Lewis,* for appellant, cite: *Mitigation of damages may be given under general denial:* 25 Hun., 498; 5 Ency. P. & P., 776; 43 N. Y., 231; 61 N. Y., 370; 14 Ency., 795, 793; 16 Am. St. R., 403; 20 Id., 359; 22 L. R. A., 690. *Earnings in meantime are in mitigation of damages:* 4 McC., 246; 5 Rich. L., 519. *New trial should be granted where jury disregard instructions:* 19 S. C., 489; 16 S. C., 14. *Verdict cannot be sustained on grounds not stated in charge:* 23 S. C., 105; 33 S. C., 28.

*Mr. W. B. McCaw,* contra.

April 20, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was an action for damages for the alleged breach of contract of employment, and resulted in a verdict and judgment in favor of plaintiff. The complaint alleged a contract of employment between plaintiff and defendant for one year from 14th February, 1901, at $900, payable $75 monthly. That plaintiff after serving defendant thereunder for one month was unlawfully discharged, for which $900 damages were claimed. The answer admitted that defendant had employed plaintiff at a salary of $50 per month, with the right reserved to discharge

at defendant's option at the end of the month; that such option had been exercised; that defendant admitted liability to extent of $50 for one month service, but denied all other allegations of the complaint. The verdict of the jury was for $450 in favor of plaintiff, which the trial Court refused to disturb, on plaintiff's motion for a new trial.

The main question in this appeal is whether the Court correctly instructed the jury as to the measure of damages. The Court refused to instruct the jury, as requsted by defendant's counsel, in these words: "If the jury find from the preponderance of the testimony that the plaintiff did make such a contract as alleged with the defendant, and if during the continuation of that contract the plaintiff obtained profitable employment elsewhere, then the defendant is entitled to a credit for the amount received by defendant." The instruction given the jury on this subject was as follows: "Now I charge you further, if you believe the defendant and plaintiff here entered into a contract and the defendant employed the plaintiff by the year, as he alleged in his complaint, and the plaintiff was ready and willing to carry out all his part of the contract, and he was ordered to go ahead, and he reported to the factory to carry out his part of the contract, they refused to let him do it, breached that contract, then the plaintiff had right to hire out to anybody he pleased, provided he kept himself in a position whereby at any time he was called on, at any time during the year, by the defendant, to carry out his contract, that he could do it. And he would be entitled under circumstances of that sort to recover whatever was due on this contract, if he was hired by the year." In the refusal to charge and the charge, did the Court err in not stating the correct rule governing in actions of this kind? In the case of *Atkinson* v. *Fraser,* 5 Rich., 519, quoting from the syllabus of the case, it was decided that "where an overseer, employed for a year, is dismissed without cause and obtains employment for the rest of the year, in an action against the first employer for the amount agreed to be paid for the whole year's service, the

jury should deduct the amount received from the second employer, &c." The case of *Union Bank* v. *Heyward*, 15 S. C., 300, approving *Watts* v. *Todd*, 1 McMullan, 26, states the general rule on the subject of damages in cases of entire contracts thus: "If a party be dismissed without cause, he becomes entitled to the full amount of the wages agreed upon; but in such case he should treat the contract as subsisting to the end of the year, and he could not recover upon it until the expiration of the term for which he was employed." This undoubtedly is *prima facie* the measure of the employer's liability, there being nothing more in the case. In neither of the cases last cited did the Court consider the measure of liability when the employee during the term of service received compensation for his services rendered to others. The rule is thus stated in 20 Ency. Law, 2 ed., 37: "Where the action is brought subsequent to the expiration of the term of employment, the decisions are practically unanimous to the effect that the measure of damages is *prima facie* the wages for the unexpired portion of the term; this amount to be diminished by such sums as the servant has earned or might have earned by a reasonable effort to obtain other employment in the same line of business. A recovery, of course, cannot be entirely defeated by showing that the servant obtained, or could have obtained, other employment; but it is always competent for the master to show these facts in mitigation of damages, the burden of proof in all cases being upon him." The foregoing statement we think correctly sets forth the rule, and it is supported by the following cases examined: *Costigan* v. *Mohawk & Hudson R. R. Co.*, 2 Denio, 607; 43 Am. Dec., 758; *Howard* v. *Daly*, 61 N. Y., 362; 19 Am. Rep., 285; *King* v. *Steiren*, 4 Penn. St., 99; 84 Am. Dec., 419; *Emery* v. *Steckel*, 126 Penn. St., 171; 12 Am. St. Rep., 857; *Hinchcliffe* v. *Koontz*, 121 Ind., 422; 16 Am. St. Rep., 403; *Cox etc.* v. *Bearden*, 84 Ga., 304, 20 Am. St. Rep., 359; *Baltimore Co.* v. *Pickett*, Md., 22 L. R. A., 690; *Strauss* v. *Meertief*, 64 Ala., 299, 38 Am. Rep., 8. The same rule as to the measure of dam-

ages prevails also in Kentucky, but the burden of proving that he has not been able to obtain other employment is placed upon the plaintiff. *Lewis Co.* v. *Scott,* 95 Ky., 484, 44 Am. St. Rep., 251.

The ruling and charge of the learned trial Judge, however, was based upon his views of the law with reference to the pleadings. He considered that defendant could not avail itself of this matter, not having pleaded such in his answer. This necessitates an examination whether such matter is available in mitigation of damages unless pleaded. In 5 Ency. Pl. and Pr., 773, it is stated that, "As a general rule, facts in justification and mitigation of damages should be pleaded if the defendant wishes to prove them at the trial. Matters relied upon in mitigation of damages are usually set up in the inswer * * * In certain cases, however, where the general issue has not been abolished, they may be given in evidence under the same." The cases cited to sustain the general rule are from the State of New York, and they probably rest upon the construction given to the New York Code, which requires that defendant shall set forth in his answer the facts tending to mitigate or otherwise reduce the plaintiff's damages. The South Carolina Code does not in terms require matter in mitigation of damages to be pleaded except in actions for libel or slander—sec. 186. But by sec. 170 it is required that the answer *must* contain (1) a general or specific denial of the controverted allegations of the complaint; (2) a statement of any new matter constituting a defense or counter-claim. As a denial merely controverts the allegation denied, under such a plea the defendant is only permitted to show such facts as tend directly to disprove the fact disputed. The material facts disputed by the evidence in this case was the employment of plaintiff by defendant for one year at $900, and the discharge without cause at the end of the first month. These facts established, the law implied a *prima facie* liability to the extent of $900. Matter intended to reduce the amount of such liability would, generally speaking, be in the nature of confession and avoid-

ance, involving, for the purpose of the plea, an implied admission of the liability and an avoidance thereof in part by new matter. Such implied admission of the plaintiff's case is not consistent with a denial thereof, and cannot be said to be embraced within a general denial. Besides, it is a fundamental principle of Code pleadings, that he must allege who holds the burden of proof, and it has been already shown that the burden of proof rests upon the employer to show that the employee during the term has received other employment, the proceeds of which should go in reduction of defendant's liability.

It is contended, however, that the particular allegations in the complaint and answer in this case raised said issue. The complaint alleged that "plaintiff has been unable to obtain other steady or profitable employment," and the answer, besides a general denial of all matters not specifically admitted in the answer, avers that "plaintiff was during the term of said alleged employment engaged in other trades, occupations and business." While these allegations in complaint and answer were rather indefinite, we think they must be construed, when taken together, as raising the issue in mitigation of damages. The plaintiff was not required to make the allegations above in his complaint, as it was not necessary in stating his cause of action, but having chosen to do so, he thereby broadened the effect of the denial in the answer. While such allegation was not *necessary* and did not require plaintiff to offer evidence to sustain it, it became *material* upon a denial thereof, in making an issue in behalf of the defendant. As shown in Pomeroy on Code Remedies, sec. 672 * * * "The plaintiff may so frame his complaint or petition, may insert in it allegations of such sort, that a general denial will admit proof of facts which would be strictly matter by way of confession and avoidance under the former procedure." The principle is illustrated in *McElwee* v. *Hutchinson,* 10 S. C., 438, where in an action for a specified balance due upon a note after allowing certain credits, defendant was allowed to show other payments under a general

denial, and also in the case of *Long* v. *Railway Co.,* 50 S. C., 49, where the complaint alleged damages to stock by the negligence of defendant "without fault" of plaintiff, the question of contributory negligence could be submitted to the jury under a general denial. We are bound, therefore, to hold that the instructions to the jury were erroneous. We cannot say that the instructions were harmless. It is true that the defendant was permitted to introduce evidence as to the amount received by plaintiff from other employment during the term, and it may be that the jury in awarding a verdict for $450, considered such evidence and made allowance therefor, but we cannot conclude that such was the fact. On the contrary, the presumption would be that the jury followed the instructions of the Court and did not consider this matter.

This conclusion renders further consideration unnecessary. The judgment of the Circuit Court is reversed, and the case is remanded for a new trial.

MR. JUSTICE GARY *concurs.*

MR. CHIEF JUSTICE POPE. I concur in the result. My mind has long been convinced that in actions based upon a breach of contract for employment, the employer is entitled to have the amount due to the employee reduced by the actual earnings of the employee during the period of employment contracted for, which time was spent out of employer's service.