## HUTCHINGS v. MILLS MFG. CO.

1. NEGLIGENCE.—Proof tending to show an employee, whose duty it was to explain to new employees dangerous parts of machines, went to a machine, which, according to the custom of the mill, should at that time have been stopped, but which on orders from a superior had been left running without notice to this employee, and was injured by having his hand caught in the machine, although he could easily have ascertained if it were running, is some evidence as to negligence of the master.

2. PLEADINGS—CONTRIBUTORY NEGLIGENCE.—Denial of allegations that plaintiff was without information as to conditions causing his injury, raises the issue of contributory negligence as to particulars denied.

3. IBID.—AMENDMENT—RES JUDICATA.—Refusal of Judge to allow an amendment to a pleading at trial, does not prejudice the right to move for it before next trial.

Before PURDY, J., Greenville, March term, 1903. Reversed.

Action by W. F. Hutchings against Mills Manufacturing Co. From judgment for plaintiff, defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *No negligence shown in defendant by reason of defective machinery:* 35 S. C., 405; 61 S. C., 492. *Denial of defendant raised defense of contributory negligence here:* 50 S. C., 53; 10 S. C., 436.

*Messrs. Blythe & Blythe,* contra, cite: *There being evidence to support all the allegations, nonsuit properly refused:* 67 S. C., 129; 66 S. C., 96; 62 S. C., 136. *Motion to amend so as to change defense, not allowed:* 21 S. C., 225; 60 S. C., 485. *As to duty of master in furnishing appliances:* 18 S. C., 282; 52 S. C., 446. *Contributory negligence must be pleaded:* 51 S. C., 95, 159.

April 20, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Plaintiff's hand was caught in a card machine and severely cut while he was working as an operative in defendant's cotton mill. This action was brought to recover damages for the injury, and resulted in a verdict for the plaintiff.

Defendant, in the first exception, assigns error in the refusal of the presiding Judge to order a nonsuit on the ground that the evidence failed to show any act of negligence on the part of the defendant. The plaintiff's testimony tended to prove that the accident occurred under the following circumstances:

Having observed that the knives connected with a card machine in charge of another operative had fallen from the machine, plaintiff reported the fact to his superior and returned to his work. The operative in charge of this machine was inexperienced, and it was part of plaintiff's duty to help him by giving him information and instruction concerning his work. It was the custom of the mill when a machine got out of order to strip it and then stop it by disconnecting the machinery. On this occasion, however, the card machine was left running by the express order of a superior, for the grinder to sharpen it. Relying on the custom of stopping the machine, the plaintiff took his inexperienced co-employee to it to show him how the knives were adjusted and the office they performed. The machine being enclosed, and comparatively noiseless, the plaintiff did not discover that it was running, and, in

33—68

explaining to his co-employee, undertook with his hands to clear off the motes under the machine, instead of using a stick provided by the company for that purpose. One hand was caught in the machinery and mangled. The plaintiff knew he could ascertain with certainty whether the machinery was in motion by stepping to one side and observing the pulley; but he did not take that precaution, because of his confidence that the machine had been stopped, as was usual in such circumstances.

If the foregoing statement is true, plaintiff was acting within his line of duty in explaining the machine to the inexperienced operative, and the failure of his superior to notify him that he had ordered that the machine be left running, contrary to the usage of the mill, was some evidence of negligence. We refrain from discussion of the facts, because the case must, on other grounds, go back for another trial.

The defendant submits, in his fifth exception, that the presiding Judge erred in charging the jury that they could not consider whether the plaintiff had been guilty of contributory negligence, holding that this defense had not been set up in the answer.

Where the complaint in an action of tort charging negligence of the defendant as the proximate cause of the injury, alleges that the plaintiff was without fault, a denial of this allegation raises the issue of contributory negligence. *Long* v. *Southern Railway Co.*, 50 S. C., 53, 37 S. E., 531.

The seventh paragraph of the complaint is as follows: "That plaintiff examined the said machine, and knowing that it was the duty and custom of the operatives after stripping to stop the machine, not knowing of the orders of the said card grinder that said machine be left running, not having any evidence that the said machine was running, but, on the contrary, believing that said machine was not in motion, inserted his hand therein at the bottom thereof, in order to show the said Lytie the stand from which the said knives had fallen and where they should be when in their proper place."

The plaintiff had before set forth in detail certain acts of

the defendant as constituting the negligence which led to the accident.    He then in this paragraph anticipates that it may be charged by defendant that he also was negligent in putting his hand under the machine, when he knew, or ought to have known, that it was running; and without waiting for the defendant to make the charge, he tenders the issue himself by alleging that he did not know the machine was running, and had no evidence of the fàct.    It is manifest, under the authority just cited, that the denial of the plaintiff of this allegation, raised the issue of contributory negligence in the particulars in which it was denied by the plaintiff.    The fifth exception must, therefore, be sustained.

This conclusion, it is obvious, makes the refusal of the Circuit Judge to allow the defendant to amend by pleading more specifically the defense of contributory negligence, of no importance.    The refusal of the Circuit Judge to allow an amendment at the trial, could not prejudice the defendant's right to move for it before the next trial.

The first, second and third exceptions are overruled; the fourth and sixth were abandoned.

The judgment of this Court is, that the fifth exception be sustained, and the cause be remanded to the Circuit Court for a new trial.