## SHIRLEY v. ABBEVILLE FURNITURE CO.

1. MASTER AND SERVANT—FELLOW SERVANT—ASSUMPTION OF RISKS—JURY.—SENDING A MINOR to do a dangerous task, in a dangerous place, outside the scope of his employment, by a fellow-servant, is one of the assumption of risks of the negligence of a fellow-servant, if he is of such mature age as to appreciate the danger to which his fellow-servant's negligence subjects him, and the question of maturity is always for the jury.

2. MINOR—ASSUMPTION OF RISKS—PRESUMPTIONS—JURY.—THE MASTER is held to a stricter account to a servant of tender years than to an adult, and if he sets such servant to work on a machine which he had not the capacity to operate, by reason of his youth, he is responsible for any injury, but whether the child was of sufficient intelligence to be charged with the assumption of the risk is for jury, the presumption being against want of capacity.

3. PLEADINGS—RISKS.—Denial of allegations that servant did not know of dangerous character of work, was not warned of it, and did not assume risk, raises issue of assumption of risk.

4. ESTOPPEL.—Appellant cannot complain of instruction as to assumption of risk of known defects and dangers, when he requests an instruction to the effect that servant had the right to assume, without inquiry or examination, that appliances furnished him are safe and suitable.

Before PRINCE, J., Abbeville, March, 1906. Affirmed.

Action by Lizzie Shirley, as admx. of Jno. F. Shirley, against Abbeville Furniture Co. From judgment for defendant, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *If deceased was doing work of the master, and was injured because of insufficient appliances furnished him, the master is liable:* 8 L. R. A., 490; Sher. & Red. Neg., sec. 218; Whar. Neg., sec. 216; Lab. on M. & S., secs. 465, 566; Thomp. on Neg., secs. 3818, 4856, 4857, 4858, 4860, 4865, 4878, 4879 4871, 4986; 17 Wall., 553; 62 N. W., 1032; 37 At. R., 269; 11 R. I., 152; 4 L. R. A., 850; 51 S. C., 79; *C. N. & W. R. Co. v. Bayfield,* 37 Mich. *Defendant is liable if he were ordered to do the work by a fellow-servant:* Lab. on M. & S., sec. 813; 54 Mo. App., 523; 100 N. Y., 516; 106 W. S., 700; 40 C. C. A., 234; 25 S. W., 741; Thomp. on Neg., sec. 4888; 19 Am. St. R., 523; 21 S. E., 342; 56 Kan., 109; 15 C. C. A., 52; 81 Va., 71; 12 Minn., 232; 36 S. E., 693. *Assumption of risks not having been pleaded, the issue was not raised and charge thereon was error:* 73 S. C., 503; *Betchman* v. *Ry.*

*Messrs. Wm. P. Greene & Frank B. Gary,* contra.

*Mr. Greene* cites: *Master is not liable for injury of deceased at work to which he was assigned by fellow-servant:* Lab. on M. & S., sec. 633; 14 Lea., 374; 34 Pac., 423; 95 Ill. App., 576; 46 Atl., 684; 5 L. R. A., 792; 47 Atl., 261; 38 S. E., 876; 70 N. Y. Supp., 1068; 61 S. C., 491; 36 N. E., 809; 41 N. E., 117; 40 Atl., 1127; 18 S. W., 255; 71 S. C., 56; 72 S. C., 237, 264. *Defense of assumption of risks is raised under the pleadings:* 70 S. C., 473; 72 S. C., 548; 50 S. C., 49.

*Mr. Gary* cites: *Appellant cannot object to charge as to assumption of risks: Long* v. *Ry.,* 52 S. C.; 65 S. C., 38; 62 S. C., 563.

March 26, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS.    John F. Shirley, a boy of fifteen years, employed by the defendants in their furniture factory, was killed while trying to put a belt on a pulley.    The plaintiff, his mother, as administratrix of his estate, brought this action to recover damages for his death.    The verdict was for the defendants, and the plaintiff appeals, alleging errors in the charge of the Circuit Judge.

The contract of employment under which deceased worked was made by his father, and there is no dispute that under it his position was that of a "tail boy," imposing upon him the sole duty of bearing off lumber after it had been sawed and dressed.    The evidence on both sides shows that deceased was sent by one White, who also worked in the factory, to put either on or off of the pulley a belt which was "burning," and that such a task was beyond the capacity of the boy and extremely dangerous to him.

On behalf of the plaintiff, Charlie Shirley, a younger brother, testified that he went with the deceased to adjust the belt; that they succeeded in getting the belt off the pulley, thus relieving the "burning;" that he warned John of the danger of attempting to put the belt on another pulley, and that John insisted on making the effort, saying: "Egbert White told me to put it on, and I am going to try it."

The serious question of fact made by the evidence was, whether White had any authority from the defendants to direct the deceased in his work.    Plaintiff offered testimony to the effect that White was a foreman, and the deceased and his brother Charlie worked under his orders.    On the contrary, according to the testimony of the defendants, White was not a foreman, but a mere fellow-servant of the deceased, not authorized by the defendants to control his services in any respect.    As to this issue, in his main charge and in responding to numerous requests to charge, the Circuit Judge instructed the jury in substance, as follows: As one of the non-delegable duties of the master is to furnish a safe place to work, the master would be liable for any injury resulting to the servant from working in an

unsafe place at the direction of any one authorized by the master, either directly or indirectly, to assign the servant to a place of labor.    Conversely, if the servant was injured in consequence of working in an unsafe place, where he had gone on the order of a mere fellow-servant not authorized by the master to assign his place of labor, the master would not be liable, because with respect to the master, the fellow-servant undertaking to give the order would be a mere volunteer.    This statement of the law is in accord with the principles laid down in *Gunter* v. *Graniteville Co.,* 18 S. C., 270; *Calvo* v. *Railroad Co.,* 23 S. C., 526; *Jenkins* v. *R. R. Co.,* 39 S. C., 510, 18 S. E., 182; *Wilson* v. *R. R. Co.,* 51 S. C., 96, 28 S. E., 91; *Brabham* v. *Tel. Co.,* 71 S. C., 53, 50 S. E., 716; *Martin* v. *Guano Co.,* 72 S. C., 237.    The cases of *Calvo* v. *Railway, supra,* and *Brabham* v. *Cotton Mills,* 61 S. C., 491, 39 S. E., 708, are particularly applicable.

It is contended, however, as we understand appellant's argument, that the fellow-servant doctrine has no application to infants of the age of the deceased, and that accordingly the master is liable when such an infant is injured in consequence of the negligence of a fellow-servant.    Cases have been cited by counsel for appellant in which the master has been held liable for injuries to an infant received in work outside of the scope of his employment, undertaken at the direction of a foreman whose orders he had been instructed to obey, but as said in Labatt on Master and Servant, section 465 : "In most of the cases the servant giving the order was one who, under the recognized exceptions to the doctrine of common employment, was vice-principal, either because he was a general respresentative of the master as respects the management of the whole business, or a particular department thereof, or because he was a superior servant in a state where such superiority constitutes vice-principalship at common law.    In some cases the directing employee was one for whose negligence the master had been declared liable by a statute in force in the jurisdiction where the injury was received.    But there are also some decisions which, when

collated with others rendered by the same Court, would seem to indicate that a master would be bound by an order given by an employee who is not a vice-principal. Whether such a doctrine, if it is really embodied in the cases cited, can be justified on strictly logical grounds, is very doubtful. A mere co-servant who takes upon himself to give an unauthorized order is clearly guilty of negligence, and there is no apparent reason why this fact should not be deemed to let in the defense of common employment." In this case, as required by the law of this State, the Circuit Judge charged the master would be liable if the servant giving the order to undertake new and dangerous work was acting under the authority of the master in assigning the place or character of the work.

The further instruction was given, that it was the duty of the master to warn the servant of unknown dangers; and that the master would be liable for any injury resulting to a servant from a dangerous machine which he had been assigned to operate by the authority of the master without warning.

Whether an infant is of capacity to so appreciate danger as to be chargeable in any degree with the assumption of risk, is ordinarily a question of fact for the jury. Conceivably, an infant might be employed so young that the Court would say, as a matter of law, that no other inference could be drawn than that he was not chargeable with the assumption of risks; but manifestly, the evidence here does not present a case so extreme. On the part of the plaintiff, it was proved that even the younger brother of the deceased had some appreciation of the danger and warned him against it. The negligence of fellow-servants, selected with reasonable care, is one of the risks assumed by employees. So, if White was a fellow-servant and not the representative of the master, then his negligence was one of the risks assumed by the deceased, unless he was of such immature age as not to appreciate and assume the danger to which White's negligence might subject him. Whether he was of such age was

clearly a question of fact for the jury.    The plaintiff has no ground to complain of the charge on this point.

The sixth request to charge was as follows: "That in case of a child of tender years, the master is held to a stricter account than in the case of an adult, and if the jury find that the foreman of the defendant sent the said John F. Shirley to do a dangerous piece of work and beyond his capacity to perform, and should further find from the testimony that the said child, while attempting to perform said work with the only appliances which were furnished him, was killed, then the jury must find for the plaintiff." This request could only rest upon the assumption that there was a foreman of the defendant authorized to assign the deceased to operate certain machinery, or on the assumption that the deceased had no appreciation of the danger to which he was subjected by reason of association with his fellow-servants, and, therefore, could not be held to assume the risk of their negligence. These matters could not be assumed by the Judge, but were to be settled by the jury.

The Circuit Judge did charge, however, that the master is held to a stricter account to a servant of tender years than to an adult servant; that if the master, or one authorized by him to assign the place of work, sets a servant of tender years to work on a machine which he had not the capacity to operate by reason of his youth, the master would be responsible for any resulting injury; that it is a question for the jury to determine whether the child was of sufficient intelligence to be chargeable with the assumption of risks, and that the presumption is against such capacity as to make him so chargeable. This was all said in response to requests concerning the duty of the master to furnish safe mechanical appliances and the right of the servant to assume that he had done so. If a specific instruction to the same effect had been desired as to the duty of the master to use reasonable diligence to obtain safe human appliances—careful and competent servants—the right of the servant to assume that he

had done so, and as to a presumption against a boy of tender years assuming or appreciating the risks of an incompetent or negligent foreman, or other fellow-servant, a request to that effect should have been presented.

The exception alleging error, because the Circuit Judge charged on the law of assumption of risk, when the answer did not set up that defense, cannot be sustained for two reasons. In the first place, the complaint alleged in substance, deceased did not know of the dangerous character of the work in which he was injured, was not warned of it, and did not assume the risk. The denial of this allegation was sufficient to raise the issue of assumption of risk. *Long* v. *Railway Co.,* 50 S. C., 53, 27 S. E., 531; *Hutchings* v. *Mfg. Co.,* 68 S. C., 514, 47 S. E., 710. In the second place, the request of the plaintiff to which we have adverted, "that a servant has the right to assume, without inquiry or without examination, that the appliances furnished him are safe and suitable," called for a statement of the law as to the assumption of risks of known defects and dangers.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.