**7206**

### ALEXANDER v. CAROLINA MILLS.

MASTER AND SERVANT—ASSUMPTION OF RISKS—MINOR—ISSUES.—Whether a servant, a minor of thirteen years, assumes the risk of adjusting a defective cap on a spinning frame in a cotton mill, under orders from his superior, is for the jury.

Before KLUGH, J., Greenville, March, 1908. Reversed.

Action by Harley Alexander, by guardian, against Carolina Mills. From judgment for plaintiff, defendant appeals.

*Messrs. Haynsworth, Patterson & Blythe,* for appellant, cite: *Contributory negligence:* 59 S. C., 323; 56 S. C., 95; 77 S. C., 403; 62 A. S. R., 679; 64 A. S. R., 927; 81 A. S. R., 703. *Assumption of risks:* 64 S. C., 215; 55 S. C., 488; 76 S. C., 457. *By minor:* 26 Cyc., 1216; 4 Thomp. on Neg., sec. 4686; 1 L. M. & S., sec. 291; 113 N. Y., 545; 105 N. Y., 26; 45 C. C. A., 515; 13 S. W., 375; 46 S. E., 805; 54 C. C. A., 83; 29 S. E., 923; 18 Atl., 852; 37 At., 61; 1 L. R. A., N. S., 282; 72 A. S. R., 689; 60 A. S. R., 917; 33 A. S. R., 251; 76 S. C., 351; 80 S. C., 351.

*Mr. J. R. Martin,* contra, cites: *Plaintiff not excused by charge from using ordinary care in observing defects:* 81 S. C., 375; L. M. & S., 5. *Plaintiff did not assume risk of employment:* 66 S. C., 486; L. M. & S., 589, 588; 22 Cyc., 580; Tyler on Inf. & Cov., 57-8; 3 Brev., 194; 1 S. C., 468; 77 S. C., 71; 3 McC., 257; 4 Am. Dec., 88.

2—83

June 8, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by Harley Alexander, an infant, for injuries while in the employment of the defendant, by reason of its negligence.

The complaint alleges that the plaintiff, an infant, then thirteen years of age, was employed by defendant as a sweeper in its spinning room; that on the           day of November, 1902, he was ordered by defendant to adjust a cap on the head-gear of a spinning frame—which cap was defective, in that it had no handle—and that in the attempt to adjust it his hand was caught in the spinning gear and injured.

The negligence alleged was: (1) Failing to furnish plaintiff with a safe place in which to work. (2) Ordering him to place a cap on the head-gear of spinning frame. (3) In not requiring plaintiff to stay away from uncased and unprotected spinning frame. (4) In not warning plaintiff of the danger. (5) In failing to provide a safe and suitable cap.

The defendant, by its answer, denied the allegations of the complaint, and interposed the defense of assumption of risk and contributory negligence.

The jury rendered a verdict in favor of the plaintiff for three hundred and fifty ($350) dollars. There was a motion for a new trial, which was refused, and the plaintiff has appealed.

His Honor, the presiding Judge, charged the jury that the doctrine of assumption of risk had no application to the case. The appellant assigns error in this ruling. The cases of *Goodwin* v. *Columbia Mills Co.*, 80 S. C., 349, and *Shirley* v. *Furniture Co.*, 76 S. C., 452, 57 S. E., 178, show that the ruling of his Honor, the presiding Judge, was erroneous.

The other exception assigning error, in the portions of the charge therein set out, can not be sustained, for the

reason that when said extracts from the charge are considered in connection with the entire charge, it will be seen that they are free from error.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded for a new trial.