8655

SOUTHERN POWER CO. v. CASSELS.

1. PLEADINGS.—Under a denial of an allegation in the complaint of a deficiency of acreage in a tract of land sold by the acre the defendant may prove the survey under which plaintiff claims the deficiency was incorrect.

2. REAL PROPERTY — BOUNDARIES — STREAMS. — Where a non-navigable stream is a boundary of a tract of land the middle of the stream is the line and to ascertain the number of acres in the tract the survey should go to the middle of the stream.

3. IBID.—IBID.—WAIVER.—Where the owner and vendor of a tract of land is present at one survey which did not include the stream to the middle, he cannot be said to have waived his right to insist that the resurvey should have gone to the middle of the stream, especially when he insisted that should have been done when he heard of the claim of shortage.

4. IBID.—BURDEN OF PROOF.—It is encumbent on the plaintiff to show by the preponderance of the evidence that the shortage he claims in the acreage of a tract of land would not be made up by including the land under the water to the middle of the boundary stream in a suit for deficiency.

Before ERNEST MOORE, special Judge, Fairfield, September, 1910.   Affirmed.

Action by Southern Power Company against B. F. Cassels.   Plaintiff appeals.

So much of the Circuit order as the exception refers to is:

"With reference to the sixth ground of the motion, it is to be noted that the burden of proof was upon the plaintiff in this case to establish his right to recover by proving by a preponderance of the evidence that there was a deficiency in the number of acres for which payment had been made, and thus to show that plaintiff had paid money by mistake to defendant, as alleged in the complaint and denied in the answer.   It was not incumbent upon the defendant to show that the tract did contain the number of acres shown by the survey of the 21st of April, 1909, but the burden of proof was upon the plaintiff to establish a right to recover money alleged to have been paid by mistake by showing that there was a deficiency in the acreage of the tract as alleged, that is to say, that plaintiff had paid for more acres than the tract in fact contained.   Upon this point, while there was some testimony tending to establish a deficiency in the acreage of the tract by disregarding those portions thereof covered by the waters of the river (and possibly also other streams) and by omitting such part thereof as was covered by the road, yet there was no satisfactory evidence as to the amount of land in the tract covered by the river, nor as to the amount covered by the road.

"Such being the testimony, I am unable to say that it was made affirmatively to appear by the preponderance of the evidence that the plaintiff did pay money by mistake to the defendant.   The same surveyor who, by his plat of April 21, 1909, forming a part of the deed here in question, found the tract to contain 832½ acres, finds now by a plat of June 16, 1909, made by him, that this tract contains

740 9-10 acres. The evidence tended to show that, in this last survey, the lands under the bed of the river and under the road were not even estimated, and, as the testimony is now recalled, there was no satisfactory evidence as to how much land was covered by the river and the road.

"Under these circumstances, it cannot be said that the plaintiff established affirmatively and satisfactorily, by a preponderance of the evidence, that there was any deficiency in the acreage of the tract as conveyed. The question as to whether or not there was such a deficiency was one primarily for determination by the jury and that question was fairly submitted upon all the evidence and after full argument. The members of the jury were probably better judges of the accuracy and credibility of the witnesses testifying upon the question of the acreage than was the writer of this opinion, since those witnesses were entirely unknown to the latter, and, therefore, I cannot say that the jury was in error in reaching the verdict which was rendered.

"For these reasons the motion for a new trial must be overruled and refused, and it is accordingly so ordered.".

*Messrs. Osborne, Lucas & Cocke* and *McDonald & McDonald,* for appellant.

*Messrs. McDonald & McDonald* cite: *Scope and effect of a general denial:* 68 S. C. 1078; 84 S. C. 117; Pom. Rem., secs. 673, 484, 563, 567, 549, 515; 8 S. C. 258; 27 S. C. 621; 58 S. C. 32; 66 S. C. 138; 81 S. C. 461. *Unless specified in the deed the land to the middle of the stream is granted as a mere incident to it:* McM. 294; 5 Rich. Eq. 76; 27 Am. St. R. 56; 65 Wis. 610; 47 Am. St. R. 516; 43 Id. 285; 52 Id. 380; 9 N. H. 461; 13 Wis. 692; 42 Wis. 248; 28 Vt. 257; 13 Me. 201; 42 Me. 209; 62 Me. 38; 48 N. Y. Eq. 42; 65 Mich. 48; 12 Ind. 51; 108 Col. 179; 37 L. R. A. (N. S.) 307; 24 Id. 1240; 27 S. C. 137.

*Messrs Jas. W. Hanahan* and *McCants & McCants,*
contra.

*Mr. Hanahan* cites: *Under general denial defendant may
show resurvey did not include entire acreage:* 10 S. C. 436;
50 S. C. 53; 73 S. C. 510. *The land to the middle of the
stream is included in the acreage:* Lord Hale, DeJuri Maris,
chap. 1, chap. 3; 6 Cow. 998; 42 L. R. A. 161; 9 Cush.
496; 4 Rich. 68; 1 McC. 583; 5 Rich. Eq. 76; 1 McC. 86;
27 S. C. 146; 22 S. C. 50; Coke Bulletin 121; 14 Fed. 378;
9 S. W. 765; 41 L. R. A. (N. S.) 103; 10 Pet. 52; 140 U.
S. 314.

September 26, 1913. The opinion of the Court was
delivered by

MR. JUSTICE WATTS. This was an action, tried before
special Judge Ernest Moore, and a jury, at the September
term of Court, for Fairfield county. It was for an alleged
deficiency of $1,692, overpaid in the purchase of a tract of
land purchased by the plaintiff-appellant from the defend-
ant-respondent. The jury found for the defendant, a
motion for a new trial was duly made and refused, and
plaintiff appeals and by six exceptions challenges the cor-
rectness of his Honor's ruling. By the first three he com-
plains of error on the part of his Honor in his charge to the
jury, and by the fourth exception he complains of error on
the part of his Honor in not charging defendant's request
as to the law of waiver, and by his fifth and sixth excep-
tions complains of error in not granting a new trial on the
grounds set out in the motion for new trial.

The appellant contends that the defendant should have
answered by way of counterclaim, or set up by way of new
matter, the fact that the resurvey, by which the alleged
deficiency was ascertained, was partial or incom-
plete, before he could offer evidence, challenging
the correctness of the survey. Plaintiff by com-

plaint alleged that the number of acres paid for was not in the tract purchased, that it paid for 832½ acres, whereas there was only 738½, a deficiency of ninety-four acres. This was denied by the defendant, and defendant by his second defense alleged that there was no deficiency, but all the land he conveyed, to wit: 832½ acres, was there and there was no deficiency. Under the issuable facts as made by the pleadings the defendant could offer testimony to show there was no deficiency. The defendant asked for no judgment against the plaintiff, he had no counterclaim, he, by answer, denied the allegations of plaintiff's complaint as to deficiency and set up, as a special defense, that within the boundaries conveyed there was 832½ acres, and plaintiff, having alleged there was a deficiency of ninety-four acres within the boundaries conveyed, the burden was on it to show the deficiency. In showing this it should have had all of the boundaries resurveyed, not part. It comes into Court with a partial survey of the lands purchased. It is admitted that Wateree River at this point is a *non*-navigable stream, the appellant by its deed from the respondent owns to the middle of stream, and in the resurvey the land covered by this stream is not included in the resurvey, the appellant claims a deficiency, has a resurvey, and does not include in that resurvey all of the land that it purchased and is entitled to possess. We think his Honor clearly was right in his construction of the pleadings, and in his charge to the jury in the matters complained of and made by these exceptions. *Long* v. *Ry. Co.*, 50 S. C. 53, 27 S. E. 531; *Latimer* v. *Cotton Mills*, 66 S. C. 139, 44 S. E. 559; *Hutchings* v. *Manufacturing Co.*, 68 S. C. 514, 47 S. E. 710. These exceptions are overruled.

The fourth exception complains of error on the part of his Honor in not charging the plaintiff's request as to the law of waiver, etc. There was an agreement to sell, first

in writing, and later, a deed of conveyance, made in pursuance of this agreement. Both the agreement to sell and the deed of conveyance contain the same description and boundaries, these agreements and deeds speak for themselves, and an examination of what his Honor said when the request was made of him to charge the jury by the appellant, convinces us that he was not in error, and did or said nothing that was prejudicial to the appellant. The defendant was present and assisted at first survey, he was not present at the resurvey. He had a right to assume that the surveyor knew his business, and would include the whole tract and everything in the metes and bounds set out in the deed of conveyance, made by him to the appellant. There was nothing on his part to show an intentional relinquishment of a known right, or such conduct on his part as to warrant such an inference. That the land was not included in the survey that was under the water of the river was the act of the surveyor, and not his act. When defendant was notified that survey was unsatisfactory, he insisted that this stream be surveyed and included. This, the appellant has not done, but is now in Court, claiming a deficiency, and does not have all that it is entitled to surveyed, and give to the Court the exact deficiency, if any, although it was in its power to do so. There is no doubt that Cassels, when he conveyed, owned the land to the middle of the stream. This doctrine is fully recognized in *Shands* v. *Tripletts,* 5 Rich. Eq. 76; *Noble* v. *Cunningham,* McM. Eq. 294; *State* v. *Bridge Co.,* 27 S. C. 137, 3 S. E. 55; *McDaniel* v. *Power Co., ante* 258. This exception is overruled.

The fifth and sixth exceptions, which complain of error in not granting a new trial, are overruled for the satisfactory reasons set out by the Circuit Judge in his order refusing same.

Judgment affirmed.