Filed Jan. 11, 1890.

———————

No. 13,998.

## HINCHCLIFFE ET AL. *v.* KOONTZ.

MASTER AND SERVANT.— *Wrongful Dismissal.—Action for Damages.—Evidence.—Res Gestæ.*—Declarations made contemporaneously with, or immediately preparatory to, a particular litigated act, which tend to illustrate and give character to the act in question, are admissible as part of the *res gestæ.* So, where in an action for an alleged breach of contract of hiring, it is in dispute whether the hiring was for a year or an indefinite period, a letter written by the defendants to the plaintiff the day before the hiring, expressing a wish by one of them to see him the next day at a place appointed, with reference to securing his services

Hinchcliffe *et al. v.* Koontz.

" as foreman for the coming year," though not received by the plaintiff till the day after the contract was completed, is admissible in evidence.

SAME.—*Cross-Examination to Show Bias.—Discretion of Court.*—The extent to which a cross-examination may be carried in order to show bias, prejudice or interest on the part of the witness, is a matter within the sound discretion of the court.

SAME.—*Evidence.—Intoxication of Employee.— When May be Shown.*—Evidence that an employee wrongfully discharged was seen frequently after his discharge in an intoxicated condition, is inadmissible in the absence of an offer to show that his intoxication had become so habitual as to affect his capacity to perform such services as he had engaged to perform, or that he had actually lost an opportunity to obtain employment on account of his intoxication.

SAME.—*Tender of Services.—Diligence Required in Obtaining Other Employment.*—It is not necessary for an employee, wrongfully discharged from service, thereafter to tender his services or keep himself in readiness to re-enter the employer's service. His duty is to use reasonable care and diligence in obtaining other employment of the same kind. The burden is upon the defendant to show that he did not use diligence, or that other similar employment was offered and declined.

SAME.—*Employment of Different Character.—Not Bound to Accept.*—While he is obliged to use reasonable diligence in obtaining other employment, he is not bound to accept employment of a substantially different character or grade.

SAME.—*Measure of Damages.—How Reduced.*—The amount of damages to which a wrongfully discharged employee is entitled is *prima facie* the amount stipulated, which may be reduced by the defendant making it appear that the plaintiff either did procure, or could, by reasonable effort, have procured, other employment, or that he occupied his time at his own or other remunerative business.

From the Porter Circuit Court.

*A. D. Bartholomew* and *H. A. Gillett*, for appellants.
*W. Johnston* and *E. D. Crumpacker*, for appellee.

MITCHELL, C. J.—This was an action by John Koontz against William E. and George Hinchcliffe, to recover damages for the alleged breach of a contract, whereby the former was hired to serve the latter as foreman of their brick-yard for the period of one year at an agreed salary. It is charged that after the plaintiff entered upon the performance of his contract the defendants wrongfully dismissed him, without any fault on his part, and that although he had made dili-

gent effort, he had been unable to obtain any other work that he could perform.

There was a verdict and judgment for the plaintiff below. A number of questions are presented on this appeal under an assignment that the court erred in overruling the motion for a new trial.

It was a subject of dispute at the trial whether the appellee was, as he claimed, hired for one year, or whether he had been employed, as the defendants asserted the fact to be, for an indefinite period.

As tending to support the appellee's claim, the court admitted a letter in evidence, written by the defendants the day before the contract of hiring was made, in which it was stated that one of the latter desired to see him the next day, at a place appointed, with reference to securing his services "as foreman for the coming year." It appeared that this letter, although written the day before, was not received by the plaintiff until the day after the contract of hiring was completed, and it is now urged that it was for that reason error to admit it in evidence. This objection is without merit. The letter was admissible upon the ground that it was in effect a declaration made contemporaneously with, and explanatory of, the act of hiring. *Durham* v. *Shannon,* 116 Ind. 403 (9 Am. State Rep. 860).

Declarations made contemporaneously with, or immediately preparatory to, a particular litigated act, which tend to illustrate and give character to the act in question, are admissible as part of the *res gestœ. People* v. *Vernon,* 35 Cal. 49 (95 Am. Dec. 49, and note); *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566.

The character and purpose of an act are frequently indicated by what is said by the person at the time, or while in the immediate preparation to do the act. This letter falls within the principle above stated. It was written in immediate preparation of the act of hiring, and contained a declaration that the writers desired to see the plaintiff the next day,

with a view of securing his services for the coming year as foreman. It illustrates, throws light upon, the act of which it was the immediate forerunner. ·

The letter was not of itself evidence of the fact that the hiring was for the period of one year, but, like any other admission of an adverse party, it was proper to be considered, as corroborative of the plaintiff's version of the contract. *Milne* v. *Leisler*, 7 Hurl. & N. 786 ; *Eastman* v. *Bennett*, 6 Wis. 232.

It is next urged that error was committed by the refusal of the court to allow certain questions to be put to witnesses which it is claimed tended to show feeling, interest and bias on the part of the witnesses. While it is undoubtedly true that a witness may be required to explain anything that would tend to show such bias, prejudice or interest as would incapacitate him from testifying impartially and accurately, yet the extent to which a cross-examination may be carried in the direction indicated by the questions rejected is a matter resting in the sound discretion of the court. *Bessette* v. *State*, 101 Ind. 85. That discretion was not abused in the present case.

The appellants proposed to prove that the plaintiff was frequently seen on the streets in an intoxicated condition after he was discharged. This evidence was properly excluded. It is quite true that an employee wrongfully discharged must not voluntarily render himself incapable of performing other service substantially similar to that which he had engaged to perform, but the appellants made no offer to show such a degree of intoxication as in anywise affected his capacity for service. The burden was on the appellants to show that the plaintiff might have had other similar employment ; and, in the absence of any offer to show that his intoxication had become so habitual as to affect his capacity to perform such services as he had engaged to perform, or that he had actually lost an opportunity to obtain employment on account of intoxication, the evidence was not admissible.

It is not necessary for an employee, wrongfully discharged from service, thereafter to tender his services, or keep himself in readiness to re-enter the employer's service. His duty is to use reasonable care and diligence in obtaining other employment of the same kind, and it lies upon the defendant to show that he did not use diligence, or that other similar employment was offered and declined. *Howard* v. *Daly,* 61 N. Y. 362; *Chamberlin* v. *Morgan,* 68 Pa. St. 168; *King* v. *Steiren,* 44 Pa. St. 99.

And it may be remarked, as applicable to one of the instructions of which complaint is. made, that while a servant wrongfully discharged is obliged to use reasonable diligence in obtaining other employment, he is not bound to accept employment of a substantially different character or grade.

Many other questions relating to rulings of the court in admitting and excluding evidence are made on the briefs. The questions are not substantially different in character from those already remarked upon. We have carefully examined the several points made, and it is sufficient to say, without setting out each in detail, that they are not sustained.

The charge of the court comprises a series of thirteen separate propositions, in which the law covering every feature of the case is expounded to the jury with admirable precision and clearness.

In a case like the present the amount of damages to which the plaintiff is entitled, in case the dismissal was wrongful, is *prima facie* the amount stipulated to be paid. This may be reduced in the event the defendant makes it appear that the plaintiff either did, or could, by reasonable effort, have procured other employment, or that he did occupy his time at his own or other remunerative business. *Howard* v. *Daly, supra; Perry* v. *Simpson, etc., Co.,* 37 Conn. 520, 540; 8 South. L. Rev. 432, 449.

Without entering upon the task of stating each of the numerous objections urged against the instructions, it is enough to say we have subjected them to a critical examination, and

have carefully considered the plausible argument in support of the objections, and find no error of which the appellants have any cause for complaint. Within the often repeated rule, we can not reverse the judgment on the evidence.

The judgment is affirmed, with costs. .

