## HAMILTON ET AL v. LOVE.

[No. 17,063.  Filed Mar. 8, 1899.  Rehearing denied June 27, 1899.]

MASTER AND SERVANT.—*Wrongful Discharge of Servant.*—*Complaint.* —A complaint in an action by an employe for his wrongful discharge, alleging a violation of the contract of employment, the amount plaintiff would have earned under the contract, and demanding judgment therefor, sufficiently alleges the damages so as to make the complaint good on demurrer. *p. 642.*

SAME.—*Wrongful Discharge of Servant.*—*Complaint.*—In an action by an employe for his wrongful discharge the complaint need not show that plaintiff could not, with reasonable care and diligence, have obtained other equally profitable employment during the remainder of the life of the contract, since that is a matter of defense. *p. 643.*

SAME.—*Disobedience of Servant.*—*Discharge.*—The failure of an employe to observe his employer's rules for conducting business, of which rules the employe had no notice, is not sufficient reason for discharging an employe before the expiration of the time for which he was employed. *pp. 643, 644.*

SAME.—*Disobedience of Servant in Immaterial Matters.*—An employer has no right to discharge an employe before the expiration of the term of employment for trivial and unimportant acts of disobedience or negligence. *p. 644.*

SAME.—*Breach of Contract of Employment.*—*When Action May be Brought.*—An employe who has been wrongfully discharged may bring suit immediately upon the breach of the contract of employment and recover his full damages to the end of the term for which he was employed. *p. 645.*

INSTRUCTIONS.—*Must be Considered as a Whole.*—Where the instructions to the jury, taken as a whole, state the law correctly, the cause will not be reversed on appeal, though the whole of the law upon a particular head is not fully stated in one or more of the separate parts of the charge. *p. 646.*

MASTER AND SERVANT.—*Breach of Contract of Employment.*—*Pleadings.*—*Set-Off.*—In an action for breach of contract of employment, the fact that plaintiff earned wages after he was discharged by defendants, can be set up by way of partial answer, but cannot be pleaded as a set-off. *pp. 647, 648.*

APPEAL AND ERROR.—*Instructions.* — *Presumption.* — The presumptions on appeal indulged in favor of the action of the trial court

extend as well to the giving of instructions as to any other of the proceedings. *p. 649.*

From the Vigo Superior Court. *Affirmed.*

*S. R. Hamill, S. C. Stimson, A. M. Higgins, H. A. Condit* and *R. B. Stimson,* for appellants.

*W. Mack, D. W. Henry, G. M. Crane, D. V. Miller* and *A. L. Miller,* for appellee.

DOWLING, J.—Action by appellee for damages for breach of executory contract for employment.

The alleged breach consisted in the wrongful discharge of appellee while the contract had one year and eight months to run, for which time he would have been entitled at the contract rate to $3,600, payable in monthly installments. Verdict and judgment for appellee.

The overruling of the demurrer to the complaint, and the giving of certain instructions, are the errors complained of. The specific objections to the complaint are that "it does not allege damages," and that "it fails to show that appellee could not, with reasonable care and diligence, have obtained other equally profitable employment."

The complaint shows the contract, and a total breach by appellants by the wrongful discharge of appellee; it alleges the readiness and willingness of appellee to continue in such employment; it avers that by the contract appellee would have received $150 per month for the eight months remaining of the second year, and $200 per month for the third and last year; and it concludes with a prayer for damages for the violation of the contract by appellants, and a demand for judgment for $3,600.

These facts were sufficient to constitute a cause of action. The remedy of a servant discharged without sufficient cause, before the expiration of the period of service stipulated for, is not in assumpsit as for implied services, or for wages, but is for damages for the breach of the contract. *Ricks v. Yates,* 5 Ind. 115; *Richardson v. Eagle Machine Works,* 78

Ind. 422; *Aetna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347; *Hinchcliffe* v. *Koontz*, 121 Ind. 422; *Tiffin Glass Co.* v. *Stoehr*, 54 Ohio St. 157, 43 N. E. 279.

In such cases, the measure of damages is an amount equal to the stipulated wages for the whole period covered by the contract, less the sum earned, and which probably can by reasonable diligence be earned during the time covered by the breach. *Hinchcliffe* v. *Koontz, supra; Richardson* v. *Eagle Machine Works*, 78 Ind. 422; *Howard* v. *Daly*, 61 N. Y. 362, 19 Am. Rep. 285; *James* v. *Allen Co.*, 44 Ohio St. 226, 58 Am. R. 821, 6 N. E. 246; *Olmstead* v. *Bach*, 78 Md. 132, 44 Am. St. 273, 27 Atl. 501; *Costigan* v. *Mohawk, etc., R. Co.*, 2 Denio, (N. Y.) 609; *King* v. *Steiren*, 44 Pa. St. 99.

The allegations of the complaint, touching the loss appellee sustained by the breach, are equivalent to a direct averment that he had been damaged to the amount charged. The sufficiency of the averment is to be tested by the rule as to damages under such circumstances, and nothing more need be shown on this subject than the loss of the compensation agreed upon for the unexpired term.

The second objection to the complaint is equally untenable. It is not necessary that the discharged servant should allege in his complaint that since his discharge he has been unable to obtain employment, and has earned nothing. If he has, or by the exercise of reasonable diligence could have obtained employment, or earned wages after his discharge, these facts are matters of defense, and must be established by the master. *Dunn* v. *Johnson*, 33 Ind. 54; *Gazette, etc., Co.* v. *Morss*, 60 Ind. 153; *Cincinnati, etc., R. Co.* v. *Lutes*, 112 Ind. 276; *Hinchcliffe* v. *Koontz*, 121 Ind. 422; *Barker* v. *Knickerbocker Ins. Co.*, 24 Wis. 630; *East Tennessee, etc., R. Co.* v. *Staub*, 7 Lea (Tenn.) 397.

At the trial, the court gave certain instructions, and modified others, and of this action the appellants complain. One of the instructions given, after modification, was this: "If

you believe from the evidence that the plaintiff, within the
scope of his alleged employment as solicitor of life insurance,
refused to obey or submit to the directions or rules of the
defendants, *having notice of such directions or rules,* or that
he so behaved himself as to make it difficult or disagreeable
for them to direct and control him in the performance of his
alleged duties, the defendants had a right to discharge him
from their service, and he cannot recover damages therefor."

The modification complained of consisted in adding the
words we have italicized. In this we find no error. If ap-
pellants had rules or regulations for conducting their busi-
ness, and which the servant was required to observe, it was
their duty to make them known to him. If the servant had
no notice of such rules and regulations, he could not be ex-
pected to conform his conduct to them.

Another instruction given as modified was as follows:
"By the terms of the contract set out in the complaint, the
plaintiff sold his services to the defendants for a stipulated
time, and for a stipulated price. During the time stipulated
in the contract, the defendants not only had the right to such
services, but they had a right to direct and control the
plaintiff in the performance of such services; and if the plain-
tiff refused to submit to such directions and control, *in ma-
terial matters,* the defendants had a right to discharge him,
and such discharge would not be a breach of the contract,
and the plaintiff would not be entitled to recover damages
therefor."

The qualification of this instruction by the addition of the
words, "in material matters," was proper. The master would
have had no right to discharge the servant for trivial and
unimportant acts of disobedience or negligence. Schouler
Dom. Rel. section 462. Whether there had been such dis-
obedience was a question for the jury.

For the same reasons, it is our opinion that the trial court
did not err in charging, that, if it was found from the evi-
dence that the appellee had made slight losses of time, and

had been disobedient in immaterial matters, after which he had been continued in the service for a considerable period without complaint from appellants, such conduct would not justify discharging him after such continued service.    The contract was general in stating the time of service at three years, and was subject to such reasonable construction as to the hours of service, as the extent, character, and rules of the business of appellants should warrant.    Both parties having acted upon a construction of it, and acquiesced in such construction for a considerable time, the master could not make a stale violation of the letter of the contract a pretext for discharging the servant.

Finally, it is complained that the court gave, at the appellee's request, the following instruction:   "If plaintiff was wrongfully discharged twenty months before his contract expired, he had a right to sue at once for a breach of the contract, which he has done, and he would have a right to recover his full damages to the end of his term."

While there is much conflict among the authorities as to the measure of damages upon the wrongful discharge of a servant, the decisions in this State have been consistent and uniform upon this subject.    There can be but a single action, and not successive actions.    The action must be for damages for the breach of the contract, and not in assumpsit for constructive services, or for wages.    All damages sustained by the servant, in consequence of the wrongful act of the master, whether present or prospective, must be included in the recovery.    A single judgment for the injury bars all other claims.    The suit may be brought at any time after the breach, either before the expiration of the term of the contract, or afterwards, within the statutory limit.    But whether brought before or after the expiration of the term of the contract, the measure of the damages is the same.    If brought during the term, the difficulty in ascertaining the amount of the damages sustained may be greater than if the action had been deferred until the term of the contract had expired.

But the difficulty and uncertainty in such cases are not greater than in many others, where a permanent and continuing injury is alleged, and the plaintiff is confined to a single action for his damages. *Schell* v. *Plumb*, 55 N. Y. 592; *Remelee* v. *Hall*, 31 Vt. 582, 8 Am. & Eng. Enc. of Law (2nd. ed.) p. 651; *Wakeman* v. *Wheeler, etc., Co.*, 101 N. Y. 205, 54 Am. R. 676, 4 N. E. 264.

The instruction under review was given in connection with others which explained and limited the general rule contained in the foregoing, and among these were the following:

"11. If you find from the evidence that the plaintiff can, with a reasonable effort, find employment, in the line of his business, the value of the unexpired time, under the contract sued on, or the sum he might earn by reasonable diligence, from this time until the expiration of the contract sued on, should be deducted from the amount he might otherwise be entitled to recover, if he is entitled to recover anything."

"18. If you find defendant [plaintiff] performed his part of the contract for sixteen months, and was wrongfully discharged by defendants, he has a right to recover in this action whatever amount he has been damaged thereby. Under his agreement, he was to have at the rate of $1,800 per year for the eight months of this year, and $2,000 for next year. From this amount, defendants may show what he has earned since his discharge, and what he may reasonably earn during the balance of the time for which he was employed; and whatever is shown you must deduct from the contract salary; and you will also deduct interest on the salary from this time to the end of the term, i. e., you will rebate the interest on such sums as are to become due and give him a verdict for the balance."

All of the instructions given in a cause are to be construed with reference to each other, and the entire charge is to be taken as a whole, and not in detached parts. If it is consistent with itself, and, taken together, states the law correctly, it is not subject to objection, even if the whole of the law

upon a particular head is not fully stated in one or more of the separate parts of such charge.

We think the instruction complained of states the law correctly, and that it is sustained by the authorities hereinbefore cited. If it required elucidation or qualification, the other instructions given by the court were amply sufficient to enable the jury to make a proper application of the rule; and the amount of the verdict returned furnishes no indication that they misunderstood the law, or fell into error in applying it.

We have carefully examined all the cases and text books, referred to by counsel for appellant, but found nothing in them which inclines us to change our views of this case. We do no not approve the doctrine stated in *McMullan* v. *Dickinson Co.*, 60 Minn. 156, 62 N. W. 120, 27 L. R. A. 409, 51 Am. St. 511, and *Gordon* v. *Brewster*, 7 Wis. 309, and decline to follow these cases.

Finding no error in the record, the judgment is affirmed.

### On Petition for Rehearing.

Dowling, J.—In their petition for a rehearing, appellants complain that the court failed to consider the errors assigned upon the rulings on the demurrers to the *second* and *fourth* paragraphs of the answer.

The only reference made in the briefs of counsel for appellants to this branch of their case is the following: "The *second* paragraph of the answer is good, for the reason that the master owns, and is entitled to receive, all the earnings of the servant in the business in which he is employed. And, therefore, such earnings are a proper set-off to a demand for wages. The *fourth* paragraph is good, for the reason that it shows, specially, the non-performance of the contract by appellee."

The evident insufficiency of the *second* paragraph of the answer, and the fact that the *fourth* was merely a special denial, taken in connection with the failure of counsel to dis-

cuss either of them, created the impression that the errors assigned, upon these rulings, were not seriously insisted upon.

The second paragraph of the answer is bad. The action of the appellee was not for wages, but for damages for a breach of contract. His earnings belonged to him, and appellants had no claim upon them. The fact that appellee did earn wages after he was discharged by appellants might have been set up by way of partial answer to reduce the amount of appellee's recovery, but it could not be pleaded as a set-off.

Neither was this paragraph good as a partial answer, for the reason that it did not confess and avoid the complaint, or any part of it. The averments were that the appellants "fully complied with all of the conditions of said contract on their part to be performed, but that the plaintiff refused and failed to comply with said contract." It then alleges that, while so acting and being otherwise engaged than in the service of appellants, the appellee earned and received for his own use $600. If these allegations were true, appellants had a claim for damages for the breach of the contract, and appellee had no cause of action whatever against them. In such case, the measure of damages would not be what appellee had earned, but what appellants had lost.

The fourth paragraph of the answer, as we have stated, was a special denial. It was pleaded in connection with the general denial. The ruling on the demurrer to it was harmless, as all facts admissible under it could have been given in evidence under the general denial. It might, properly, have been stricken out on motion.

It is insisted that the trial court erred in giving instructions numbered five and nine, and that this error should reverse the judgment. These instructions were as follows:

"There is nothing in this contract that requires Love to work every day and hour for three years. It is to have a reasonable construction, and the fact that he had leave for two or three days to look after his private affairs, and did so, or that he went for a half-day to a fair, and a like time to the

races, without their permission, but with their subsequent knowledge, and no objection or protest was ever made to him, nor any complaint, or claim against him, and he continued in their employment for months afterward, such failures would not be ground for discharging him at the time when he was discharged."

"Although the law requires an agent to obey all reasonable directions and orders of his employers, and the directions in which he failed, or refused to obey, were in unimportant matters, and no objections were ever made to him for such failures, and he continued in his employment, his failures or refusals would not be sufficient ground for discharge long after they occurred."

The objection made to these instructions is that the court assumed the existence of certain facts, and in so doing invaded the province of the jury.

Upon an appeal, every reasonable presumption is indulged in favor of the action of the trial court. These presumptions extend as well to the giving of instructions as to any other of the proceedings. If, under any circumstances, the instruction would be correct, we are bound to presume that such a state of facts existed as warranted the court in giving the instructions. If such circumstances did not exist, the burden is upon the party complaining to overcome the presumptions of correctness. Elliott's App. Proc., sections 709, 722; *Wilson* v. *Atlanta, etc., R. Co.,* 82 Ga. 386, 9 S. E. 1076; *Hinds* v. *Harbou,* 58 Ind. 121.

In the briefs filed on behalf of appellant, there is not a word in regard to the state of the evidence as to the facts so alleged to have been assumed by the court. Conceding without deciding, that the court did assume the existence of the facts that appellee had leave for two or three days to look after his own affairs, and that he did so; that he went for half a day to a fair, and for a like time to the races, without permission; that appellants subsequently had knowledge of these facts; that they made no objection or protest to him;

that no complaint or claim was made on this account; and that appellee thereafter continued in the employment of appellants for some months,—in the absence of any evidence to the contrary brought to our notice by appellants, we have the right to presume either that these facts were admitted on the trial, or that they were proved by the appellee, and not controverted by the appellants.

We have not thought fit, however, to rest upon this presumption. Without any assistance from the briefs in the case, we have carefully searched every line of the 197 pages of the record and found that the evidence stood as follows: The plaintiff, Love, testified to the following facts:

"I put in all of the time, with the exception of three or four days that I gave an acount of, an agreement before I took those days off." Record, page 80, lines 19-21.

"I was there" (at the fair) one-half day. Did not make any direct report of it. I told those about the office, when I came to the office, that I had been to the fair." Record, page 92, lines 11-16.

"I do not think I said anything about it," (the races). "I was at the races one-half day. I saw and recognized one or two of the firm there." Record, page 94, lines 21-26.

"I reported to the firm that I had spent a day or two at my own business." Record, page 95, lines 5-10.

"The fair was a good place to go to to form acquaintances, or to touch up your old acquaintances whether they are contemplating anything of the kind. (Life insurance.) "I talked to two or three." Record, page 100, lines 7-11.

The whole of the evidence, as to these facts, given on behalf of the appellants, was the following: J. Irving Riddle, one of the appellants, testified: "I didn't tell him (Love) anything about the rule of the office." Record, page 128, lines 2-3. And William A. Hamilton, the other appellant, thus testified: "Don't remember any complaint about his not coming at 8 o'clock and 1 o'clock." Record, page 174,

lines 21-22. "Do not know that we made any specific complaints." Record, page 183.

Nowhere in the evidence are the foregoing statements of the appellee denied. The facts referred to by the court in the instructions were established by the uncontradicted testimony of the appellee, and the presumption of the correctness of the instructions is confirmed by an examination of the record.

The other points made in the petition for a rehearing were, as we think, correctly and fully decided in the original opinion.

The petition for a rehearing is overruled.