## NORDYKE & MARMON COMPANY *v.* THE KEOKUK BAG COMPANY.

[No. 3,252.    Filed Feb. 14, 1901.    Rehearing denied April 24, 1901.]

APPEAL AND ERROR.—*Ground for New Trial.—Order for Production and Inspection of Papers.*—Alleged error of the court in ordering the production and inspection of certain papers cannot be made the subject of an independent assignment of error, but must be assigned as a reason for a new trial under §568 Burns 1894. *p. 549.*

SAME.—*Ground for New Trial.—Independent Assignment.*—Error in overruling a motion to strike out and suppress a deposition must be presented as a ground for a new trial, and not as an independent assignment of error. *p. 550.*

SAME.—*New Trial.—Evidence Not in Record.*—Error in overruling a motion for a new trial and in overruling a motion to modify a judgment cannot be considered in the absence of the evidence from the record. *p. 550.*

SAME.—*Bill of Exceptions.—Filing.*—Where the filing of a bill of exceptions does not appear by order-book entry nor by certificate of the clerk, the bill is not properly in the record. *p. 550.*

SAME.— *Directing Verdict.— Ruling of Court.— Presumption.*— The action of the lower court in instructing the jury to return a verdict for one of the parties will be presumed to be correct, in the absence of the evidence from the record. *p. 550.*

From the Marion Superior Court.  *Affirmed.*

*W. V. Rooker, C. T. Hanna* and *T. A. Daily,* for appellant.

*E. R. Keith, C. W. Smith, J. S. Duncan, H. H. Hornbrook* and *A. Smith,* for appellee.

HENLEY, C. J.—The errors assigned in this cause in this court are: (1) That the court erred in overruling the demurrer to the complaint; (2) that the court erred in ordering the production and inspection of certain papers by appellant; (3) that the court erred in overruling appellant's motion to strike out and suppress the deposition and parts thereof of the witness Henry H. Howard; (4) that the court erred in overruling appellant's motion for a new trial; (5) that the court erred in overruling appellant's motion to modify the judgment.

It is unnecessary in this case that we make any statement of the facts, because on account of the condition of the record and assignment of errors no question is presented to this court for decision. The question arising under the first specification of the assignment of errors is waived on account of failure to discuss it. The second specification of the assignment of errors, in order to be considered, should have been assigned as a reason for a new trial. The first subdivision of §568 Burns 1894, in enumerating the reasons assignable in the motion for a new trial specifies "irregularity in the proceedings of the court, jury, or prevailing party, or any order of court, or abuse of discretion, by which the party was prevented from having a fair trial." This holding does not violate the rule as announced in Elliott's Appellate Procedure, §350, where it is said: "Where the award of a new trial will not reach the ruling supposed to be erroneous, the ruling should be made the basis of an independent specification of error. It seems clear that if the granting of a new trial will not rectify the mistake committed in ruling upon a motion, application, or the like, the ruling should not be assigned as a cause for a new trial,

since nothing could be accomplished by embracing it in the motion.   *   *   *   Thus, a refusal to remand a case to a justice of the peace for trial is not a cause for new trial, and the ruling should form the basis of an independent specification in the assignment of errors." Citing *Tibbetts* v. *O'Connell*, 66 Ind. 171.

As to the third specification of the assignment of errors in this case, our Supreme Court have expressly held that the error, if any, therein complained of should be assigned as a reason for a new trial. *Jeffersonville, etc., R. Co.* v. *Riley*, 39 Ind. 568.

The fourth and fifth specifications of the assignment of errors present no question, because the evidence is not before us. An attempt to make the evidence a part of the record by bill of exceptions was made, but nowhere does it appear that the bill of exceptions containing the evidence was ever filed. The filing does not appear either by order-book entry or by the certificate of the clerk. It appears from a bill of exceptions properly in the record that the court instructed the jury to return a verdict for the appellee. The instructions which the appellant contends should have been given to the jury by its request were properly refused if the evidence introduced justified the giving of the instruction directing the jury to return a verdict for the appellee. The evidence not being before us, we must presume that the action of the lower court was right.

We find no error in the record. Judgment affirmed.