## Inland Steel Company *v.* Harris.

[No. 7,127.　Filed June 2, 1911.　Rehearing denied December 20, 1911.]

1. APPEAL.—*Assignments of Errors.—Admission of Evidence.—New Trial.*—Alleged error in the admission of evidence cannot be assigned independently on appeal, but must be made a ground for a new trial. p. 159.
2. APPEAL.—*Assignments of Errors.—Interrogatories.—New Trial.*—Questions relating to the interrogatories to the jury cannot be made grounds for a motion for a new trial; and if such answers should be in conflict with the general verdict, a motion for judgment notwithstanding the general verdict is proper, the ruling on such motion being assignable independently on appeal. p. 160.

3. APPEAL.—*Briefs.*—*Omission of Evidence by Appellant.*—*Supply by Appellee.*—Where material evidence is omitted from appellant's brief, but is supplied by appellee's brief, the sufficiency of the evidence may be determined. p. 160.

4. CONTRACTS.—*Breach.*—*Work and Labor.*—*Complaint.*—A complaint alleging that defendant company hired plaintiff to work for it for three years at $3,600 a year, that plaintiff worked ten days and that defendant then refused to let him continue, and thereafter refused to permit him to work, that he has diligently sought similar work but has found none and that he has been damaged a certain sum, is sufficient on demurrer. p. 160.

5. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 162.

6. CONTRACTS.—*Breach.*—*Excessive Recovery.*—A judgment for $5,000 is not excessive for the breach of a contract to pay to the plaintiff for his services $3,600 a year for three years, the evidence showing that he had been out of employment because thereof for eighteen months. p. 163.

7. CONTRACTS—*Work and Labor.*—*Breach.*—*Duty to Seek Other Employment.*—*Instructions.*—In an action for damages for wrongfully discharging a servant in violation of his contract, instructions that it was the servant's duty to seek similar work elsewhere, and that he should not recover more than his actual loss would have been had he made reasonable effort to seek work elsewhere, are not erroneous. p. 163.

8. CONTRACTS.—*Work and Labor.*—*Breach.*—*Measure of Damages.*—*Instructions.*—In an action for damages for defendant's breach of plaintiff's three-year contract of service, instructions that the plaintiff should recover his full damages to the end of the term, crediting defendant with what plaintiff had earned since his discharge to the time of trial, and also with what he might reasonably earn in the future to the end of such term were properly given. *Pape* v. *Lathrop*, 18 Ind. App. 633, overruled. p. 163.

9. TRIAL.—*Instructions.*—*Duplication.*—It is not erroneous to refuse to duplicate instructions. p. 165.

10. TRIAL.—*Instructions.*—*How Considered.*—Instructions must be considered as a whole; and if they fairly state the law, there is no prejudicial error. p. 166.

From Laporte Superior Court; *H. B. Tuthill,* Judge.

Action by Oliver Harris against the Inland Steel Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Grant Crumpacker* and *McAleer & McAleer,* for appellant.

*Bomberger, Sawyer & Curtis* and *Henry Bowers,* for appellee.

FELT, P. J.—Suit by appellee against appellant for damages for breach of a contract of employment. The case was brought, originally, in the Lake Superior Court and on change of venue was taken to the Porter Superior Court, where the case was tried and verdict returned in favor of appellee for $3,600. On motion of appellant, a new trial was granted and the venue was changed to the Laporte Superior Court, where the case was again tried, and a verdict rendered in favor of appellee in the sum of $5,000, upon which the judgment was rendered from which this appeal is taken.

The errors assigned are the overruling of appellant's demurrer to the substituted amended complaint, and the overruling of the motion for a new trial.

The motion for a new trial alleges that the verdict of the jury is contrary to law and is not sustained by sufficient evidence; that the damages are excessive; that the court erred in giving to the jury, of its own motion, instructions one to twenty-seven inclusive, and in refusing to give to the jury each of thirty-seven instructions tendered by appellant.

Paragraph six of appellant's assignment of errors questions the action of the trial court in admitting certain testimony; but error in the admission or exclusion of evidence cannot be presented for the first time by assignment of errors, but must be alleged as cause for a new trial, and the questions so presented to the lower court become available on appeal by assigning the error in overruling the motion for a new trial. Appellant's failure to question the admission of testimony in the motion for a new trial waives the error, if any, on that account, and no question is presented by the direct assignment of error thereon.

*Storer* v. *Markley* (1905), 164 Ind. 535; *Nordyke & Marmon Co.* v. *Keokuk Bag Co.* (1901), 26 Ind. App. 548.

In the motion for a new trial appellant has also assigned as reasons, that the answers to the interrogatories are contrary to law and not sustained by sufficient evidence.

2. Questions relating to the answers to interrogatories by the jury are not properly a part of the motion for a new trial. If the answers were in conflict with the general verdict, appellant should have moved for judgment on the answers to the interrogatories *non obstante veredicto,* and if his motion was overruled, he could then have presented the question to this court by independent assignment of error.

Elliott, App. Proc. §847; *Louisville, etc., R. Co.* v. *Kane* (1889), 120 Ind. 140; *Northwestern, etc., Ins. Co.* v. *Blankenship* (1884), 94 Ind. 535, 548, 48 Am. Rep. 185.

Appellee insists that appellant's brief fails to comply with the rules of this court, and that no question relating to the evidence is presented. It is apparent that the

3. rules prescribed for the preparation of briefs have not been strictly followed by appellant; but appellee has set out a portion of the evidence in his brief and this, considered with that set out by appellant, is sufficient to enable the court to pass upon the only question relating to the evidence which is before it, viz., Is there any evidence tending to support the finding upon the material propositions in issue?

*Low* v. *Dallas* (1905), 165 Ind. 392; *Howard* v. *Adkins* (1906), 167 Ind. 184; *Funk* v. *State, ex rel.* (1906), 166 Ind. 455; *Roberts* v. *Fort Wayne Gas Co.* (1907), 40 Ind. App. 528; *Tipton Light, etc., Co.* v. *Dean* (1905), 164 Ind. 533.

The substituted amended complaint alleges in substance that on April 21, 1905, appellant and appellee entered into

4. a written agreement, by which appellee was employed to work in appellant's factory as a roller for three years, with a guarantee of $3,600 as wages for the first year, and a further condition that he was to have

the benefit of amounts earned in excess of the guaranteed salary, based "on the January 1 scale of the American Sheet Steel Company's" schedule, and agreeing to be bound by such scale during the term of the contract. Payments were to be made semi-monthly, and appellee was to render "good and efficient service on the class of work rolled;" that defendant should "furnish competent men to work on the mill, and a complete crew, so far as possible;" that appellee began work under this contract on May 5, 1905, and continued until May 15, and on that day presented himself at the mill and sought to continue his work, and was ready and willing to continue the fulfillment of his part of said agreement, but appellant refused to allow him to continue his work and run the mill, according to their agreement, and notified him that he could not thereafter continue so to do; that appellant has since that time refused to permit appellee to fulfill his contract, and has operated the mill with other men; that appellee gave up a similar employment at Canal Dover, Ohio, to accept this employment; that he has diligently sought, but has been unable to obtain, employment as a roller, or to earn any money; that he has at all times been ready and willing to perform his part of said contract, and has performed it, except as prevented by appellant; that by the terms of said contract he could and would have earned an average of $15 a day; that he has been damaged in the sum of $15 a day, and demands judgment for $10,000.

The complaint is clearly good as against the demurrer. It shows an employment contract, the part-performance thereof, and a willingness to continue under the contract, and a breach thereof by appellant in refusing to permit appellee to continue the service which he contracted to render, resulting in damages to appellee.

*Hamilton* v. *Love* (1899), 152 Ind. 641, 71 Am. St. 384;

*Pennsylvania Co.* v. *Dolan* (1893), 6 Ind. App. 109, 51 Am. St. 289.

Upon the trial it was conceded by appellant that it refused to permit appellee to continue his work on the job for which he was hired and to which he was assigned, and upon which he worked until stopped by appellant; but appellant contends that it is not liable, for it offered him other employment of substantially the same kind, and he refused to accept it. Appellant by special answers and by evidence sought to show that appellee was incompetent, and that he failed to comply with his agreement to furnish "competent men to work on the mill, and a complete crew, so far as possible." The court submitted to the jury, by interrogatories, the question whether appellee was offered employment of substantially the same kind· by appellant, and the jury found against appellant upon the proposition. The jury also found that appellee was wrongfully discharged; that he was competent, and rendered good and efficient services; that by the use of reasonable diligence he could not obtain substantially the same character of work elsewhere; that he had unsuccessfully applied for work at nine different mills, after his discharge by appellant.

These were important questions of fact, and there was evidence tending to support the finding of the jury, both as to its answers to interrogatories and the general verdict. Where there is legal evidence tending to support the finding of the jury, upon all material questions in isssue, this court will not weigh the evidence or reverse the judgment on the weight of the testimony, unless it is of such a character that to believe it would involve an absurd or unreasonable conclusion.

*Bower* v. *Bowen* (1894), 139 Ind. 31, 36; *Center Tp.* v. *Davis* (1900), 24 Ind. App. 603.

On the verdict of the jury, judgment was rendered for $5,000, which is a large amount, but we cannot say that it

is unwarranted by the evidence, which tends to show that appellee is a skilled mechanic, and was guaranteed $3,600 the first year; that he would have made, under his contract, between $4,000 and $5,000 each year; that he was idle about eighteen months, and during the twelve months he was employed before the last trial was receiving $2,400 a year; that resigning his position in Ohio to accept employment with appellant made it difficult for him to secure other employment; that he was diligent in seeking other employment.

The court instructed the jury that it is the duty of a person when unlawfully discharged to make reasonable effort to obtain work elsewhere, and that in no event can he recover more than his actual loss would have been had he made such reasonable effort to obtain employment; that the employment he is required by the law to seek, is that which is similar to, or of the same general character as, that which he had contracted to perform; that appellee was bound to seek employment which was of the same general character as that of his trade as a roller.

Appellant contends that these instructions were misleading on the subject of the duty of a discharged employe to seek other employment, and also as to the kind of employment he was required to accept to discharge his duty under the law; but we cannot agree with this contention, and hold that the instructions were fair and accurate statements of the law on the subject.

*Hinchcliffe* v. *Koontz* (1890), 121 Ind. 422, 426, 16 Am. St. 403; *Pennsylvania Co.* v. *Dolan, supra.*

The court further instructed the jury as follows: (17) "If plaintiff was wrongfully discharged before his contract expired, he had a right to sue at once for a breach of the contract, and would have a right to recover his full damages to the end of his term."

The court, in other instructions, applied said proposition to the facts of the case on trial, and also stated the law to be

that if appellee is entitled to recover, appellant is entitled to credit for what appellee has earned since his discharge, or what he might reasonably have earned during the remainder of the time for which he was employed.

It is urged that the instruction just quoted, and those following the same principle, state an erroneous rule for the measure of damages. There is considerable conflict in the decisions from the several States as to the measure of damages in cases like this one; some holding that if the discharged employe brings his action before the expiration of the term of his employment, he can only recover damages for the period from the date of his wrongful discharge to the time of the trial, while others place the limit at the time the action is begun. The decisions in Indiana, with a single exception, which is easily accounted for, firmly establish the doctrine that there can be but a single action for damages for the breach of an executory contract for services, that all damages sustained by the discharged employe in consequence of the wrongful act of the employer, whether present or prospective, must be included in the recovery, that a judgment obtained for such injury bars all other claims, that the action may be brought at any time after the breach, and before it is barred by the statute of limitations, and the measure of damages is the same whether the action is brought and the trial held before or after the expiration of the term of the contract.

*Hamilton* v. *Love, supra; Hinchcliffe* v. *Koontz, supra; Elkhart Rubber Works* v. *Neff* (1910), 46 Ind. App. 332; *Pennsylvania Co.* v. *Dolan, supra; Pierce* v. *Tennessee, etc., R. Co.* (1899), 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 59. See, also, *Levin* v. *Standard Fashion Co.* (1890), 11 N. Y. Supp. 706; *Maynard* v. *Royal Worcester Corset Co.* (1908), 200 Mass. 1, 85 N. E. 877; note to *Howay* v. *Going-Northrup Co.* (1901), 6 L. R. A. (N. S.) 49, 113.

In the case of *Pape* v. *Lathrop* (1897), 18 Ind. App. 633, this court held on page 654, that where the trial occurred

before the expiration of the term of the employment, "the damages recoverable are the amount of his wages, at the contract price, to the date of the trial, * * * less any sum it is shown he has earned, or might reasonably have earned, since his discharge."

In support of this proposition, the learned judge who wrote the opinion cited the case of *Hamilton* v. *Love* (1896), 43 N. E. (Ind. Sup.) 873, and some cases from other States. On examination, we find that the opinion in the case cited from the Northeastern was set aside on petition for rehearing, and the last opinion appears later as *Hamilton* v. *Love* (1899), 152 Ind. 641. That opinion holds that the damages collectible cover the entire term of the employment, without reference to the time of the trial, where the action is not barred by the statute of limitations, which is exactly opposite, on that point, to the holding of the Supreme Court in the first opinion. The original opinion was rendered April 21, 1896, and a petition for a rehearing was filed June 19, 1896, and was not ruled on until July 1, 1898, when a rehearing was granted. The final opinion was rendered on March 8, 1899, and the judgment affirmed; whereas, in the original opinion, the judgment was reversed as a result of the conclusion reached upon this question.

It thus appears that the case of *Pape* v. *Lathrop, supra,* which was decided some ten months after the first opinion in *Hamilton* v. *Love, supra,* followed the latest expression of the Supreme Court on the question of the measure of damages, and that almost two years after the case of *Pape* v. *Lathrop, supra,* was decided by this court, the final opinion was rendered in the case of *Hamilton* v. *Love, supra.*

To the extent that the case of *Pape* v. *Lathrop, supra,* holds that the damages recoverable are limited to the amount that accrued before the trial, where the term of the employment has not expired, the case is overruled.

9. Complaint is made of other instructions given and refused, but those refused, so far as correct and ap-

plicable, were fully covered by those given, and the instructions given, when considered as a whole, state the law fully and fairly to both parties. There is no available error shown by the record.

Judgment affirmed.