CARTER ET AL. *v.* RICHART.

[No. 9,144. Filed November 21, 1919. Rehearing denied February 23, 1917. Transfer denied June 29, 1917.]

1. MASTER AND SERVANT.—*Contract to Employ Servant.—Action for Breach.—Complaint.—Sufficiency.*—In an action for breach of a contract of employment, a complaint alleging that plaintiff, while in the employment of defendants, was injured, that defendants, by their agent, in consideration of a written release executed by the employe, promised to pay plaintiff a stipulated sum of money and give him employment at the same wages he

was receiving at the time of the injury, but failed to re-employ him though frequently requested to do so, and that plaintiff has been unable to obtain similar work, is sufficient as against demurrer for insufficiency of facts.  p. 260.

2. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Motion to Make Complaint More Specific.*—In an action for breach of a contract to employ plaintiff as part consideration for his release of claims for damages for personal injuries, although it would have been proper for the trial court to have sustained defendant's motion to make the complaint more specific by inserting therein the name of the person who acted as defendant's agent in making the alleged contract, the overruling of such motion was not prejudicial error where the record shows that before the institution of the suit defendants were fully advised as to who conducted the negotiations resulting in the settlement with plaintiff, that the agent reported the settlement to defendants shortly after he obtained the release, and that the release was produced by defendants at the trial and relied on as showing full payment of liability to plaintiff.  pp. 260, 261.

3. PLEADING.—*Complaint.*—*Requisites.*—A complaint must state the cause of action in certain and direct terms, sufficient to fully inform the defendant of what he is called upon to meet, but need not elaborate details which are not essential to that end.  p. 260.

4. COSTS.—*Payment.*—*Stay of Subsequent Proceedings.*—*Discretion of Trial Court.*—The refusal to stay proceedings, in an action for breach of a contract to employ plaintiff as part consideration for his release of claims for damages for personal injuries, until plaintiff paid the costs in a prior action for the injuries, was not an abuse of the trial court's discretion, the former suit being a different cause of action, since it was predicated on the right to recover for the injuries only.  p. 262.

5. COSTS.—*Payment.*—*Stay of Subsequent Proceedings.*—*Discretion of Court.*—A stay of proceedings until the payment of costs in a former action generally relates to a second suit based on the same cause of action as a prior suit, and the stay cannot be obtained as a matter of absolute right, but the request therefor presents a question of sound judicial discretion to be exercised by the court in accordance with the facts and circumstances of each particular case.  p. 262.

6. PRINCIPAL AND AGENT.—*Principal's Liability to Third Persons.*—*Agent's Authority.*—*Evidence.*—*Sufficiency.*—In an action against an employer for breach of a contract to employ plaintiff as a part consideration for his release of claims for personal injuries, evidence that defendants had a liability insurance policy and. in accordance with its provisions, notified

the insurer of the accident, that its agent negotiated a settle-ment with plaintiff for his injuries, obtaining a written release from him for all claims for damages on the promise that he would be re-employed, that the employer accepted the release and subsequently interposed it as a defense to plaintiff's action for his injuries, and that defendants, when informed by plaintiff that he was to be re-employed as a part consideration for the execution of the release, assured him that he would be given employment, was sufficient to warrant a finding by the jury that the insurer's agent had authority to represent defendants in making the settlement.    pp. 263, 265.

7. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—*Inferences from Facts Proved.*—Facts need not be proved by direct and positive evidence, since the court or jury may draw any reasonable inference of fact warranted by the evidence, and if a fact may be inferred from the facts and circumstances in evidence, it is sufficient on appeal.    p. 265.

8. CONTRACTS.—*Contract of Employment.*—*Definiteness.*—A contract, in part consideration for the release of claims for personal injuries, to employ claimant at his old wages "as long as he was able to perform labor," there being evidence to show his average wage for several years, was sufficiently definite to make a valid and enforceable contract.    p. 266.

9. CONTRACTS.—*Release.*—*Consideration.*—*Proof by Parol.*—The execution of a release for all claims for personal injuries in consideration of a specified sum of money does not preclude the claimant from showing the actual consideration for which the instrument was executed.    p. 266.

10. MASTER AND SERVANT. — *Contract of Employment.* — *Action for Breach.*—*Instructions.*—In an action for breach of a contract of employment, given as part consideration for a release from claims for personal injuries, instructions that where one holds a contract to perform service and the other party wrongfully refuses to permit the services to be performed, it is the duty of the one who is to perform the services to seek similar employment elsewhere and thereby save himself harmless, if he is able to do so, and for a violation of such a contract, if he is unable to secure other employment during the term, the measure of damages is the wages stipulated during such period, but, if the injured party has been able to secure employment, the damages are the diminution between the wages agreed upon under the contract and those received in the new employment, that the jury should consider, in assessing damages, the kind of work at which the injured party had been engaged, and when, if at all, he has been able to perform the work he had

been engaged in since the injury, and any compensation received from other employment, and assess the recovery at any amount, not to exceed the sum. demanded, as will fully compensate plaintiff, are proper.    p. 266.

11.    TRIAL. — *Instructions.* — *Necessity for Request.*—Where instructions as to the measure of damages for breach of a contract to employ plaintiff state the rule correctly in general· terms, but failed to direct the jury to deduct interest from the amount allowed for wages to be earned in the future, the giving of the instructions is not reversible error in the absence of a tender of more specific instructions on the subject.    p. 267.

From Marion Superior Court (89,689) ; *Joseph Collier,* Judge.

Action by William T. Richart against Frederick L. Carter and another.    From a judgment for plaintiff, the defendants appeal.    *Affirmed.*

*John B. Elam, James W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellants.
*White & Jones,* for appellee.

FELT, J.—This is a suit for damages for the breach of an· alleged contract for employment.    Issues were formed by a complaint and an answer of general denial. A trial by jury resulted in a verdict for $1,000.    Appellants' motion for a new trial was overruled, and judgment rendered on the verdict.

Appellants have assigned as error:    (1) The overruling of their motion to make the complaint more specific; (2) the overruling of the motion to stay proceedings until certain costs were paid; (3) the overruling of the demurrer to the complaint; and (4) the overruling of the motion for a new trial.

The complaint is in substance as follows:    The appellants were partners doing business under the name of Carter, Lee and Company, and engaged in the manufacture of lumber, doors, sash and other materials, in the city of Indianapolis; that appellee was employed

by appellants to operate a rip saw run by electricity, and while so engaged on August 21, 1911, was injured by reason of appellants' negligent failure to properly guard the saw; that by reason thereof he lost one finger and two others were seriously injured; that at and prior to such injury he was earning and receiving $15 per week for his labor; that on or about September 1, 1911, appellants recognized their liability for such injury, sent their agent to call upon him, and then and there promised and agreed to pay appellee in full settlement of the damages due him for said injury the sum of $300, and further promised "to receive him back in their regular employment," or at such work as he had ability to perform, and pay him for such services the sum of $15 per week "as long as he was able to perform labor"; that as a condition to such agreement appellants required appellee to execute a written instrument releasing them from all liability for damages resulting from said injury; that in pursuance of such agreement and release appellants paid him $300 as a part of the consideration for said release; that the release was delivered to and accepted by appellants; that so soon as he had sufficiently recovered from his injuries to be able to work, he called upon appellants and notified them of that fact and that he was ready to go to work; that appellants refused to give him work, and have ever since refused to employ him, though frequently requested so to do; that when he so notified appellants, and continuously since that time, he was, and has continued to be, able to work, and ready and willing to continue in appellants' employment in pursuance of their agreement aforesaid; that he has performed all the conditions of said agreement by him to be performed, and has been continuously out of work since that time; that he has diligently sought, but has been unable to obtain, similar employment; that by reason

of appellants' violation of their agreement to give him employment he has suffered loss and has been damaged in the sum of $10,000, for which he demands judgment.

Appellants assert that the complaint is insufficient because the averments do not show that the minds of the parties ever met on the material and essential features of the contract; that its provisions are too indefinite to constitute an enforceable contract. The complaint is clearly sufficient, under the decisions as against a demurrer for insufficiency of facts. *Pennsylvania Co.* v. *Dolan* (1892), 6 Ind. App. 109, 114, 32 N. E. 802, 51 Am. St. 289; *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 507, 60 N. E. 943, 54 L. R. A. 787; *Stewart* v. *Chicago, etc., R. Co.* (1895), 141 Ind. 55, 59, 40 N. E. 67; *Beatty* v. *Coble* (1895), 142 Ind. 329, 333, 41 N. E. 590; *Eisel* v. *Hayes* (1895), 141 Ind. 41, 43, 40 N. E. 11

Appellants also contend that the court committed reversible error in overruling their motion to make the complaint more specific by inserting the name of the person who was the agent of appellants in making the alleged employment agreement. It would have been proper for the trial court to have sustained appellants' motion, but it does not necessarily follow that in overruling such motion the court committed reversible error. If no substantial injury results from the ruling, it is not prejudicial, though technically erroneous. The complaint must state the cause of action in certain and direct terms, sufficient to fully inform the defendant of what he is called upon to meet, but need not go into an elaboration of details which are not essential to that end. Elliott, App. Proc. §665; *Pittsburgh, etc., R. Co.* v. *Simons* (1906), 168 Ind. 333, 339, 79 N. E. 911; *Alleman* v. *Wheeler* (1885), 101 Ind. 141, 143; *City of*

*Logansport* v. *Newby* (1911), 49 Ind. App. 674, 677, 98 N. E. 4; *Lewis* v. *Albertson* (1899), 23 Ind. App. 147, 151, 53 N. E. 1071; *American Fire Ins. Co.* v. *Sisk* (1893), 9 Ind. App. 305, 309, 36 N. E. 659; *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563, 564, 34 N. E. 1019.

Furthermore, an examination of the whole record shows that before the institution of this suit appellants were fully advised as to who conducted the negotiations which resulted in the settlement with appellee; that his name was Cherry and he reported the settlement to them and to the insurance company shortly after he obtained the release from appellee; that appellants received the release and set it up as a defense in a suit for damages for personal injuries brought against them by appellee and dismissed before this suit was begun; that Cherry was present at the trial of the case and testified as a witness; that appellants retained said release and relied upon it as showing full payment of their liability to appellee and as a complete defense to this suit; that there was no dispute in the evidence as to the identity of the person who made the settlement and obtained the release; and the questions involved were as fully and fairly tried out as they could have been had the motion been sustained and the amendment made in conformity with appellants' motion. In such situation, the ruling, if erroneous, was not prejudicial, and this court would not be warranted in reversing the judgment on account thereof. §§400, 407, 700 Burns 1914, §§390, 398, 658 R. S. 1881; *Shedd* v. *American Maize, etc., Co.* (1915), 60 Ind. App. 146, 108 N. E. 610, 615; *Chicago, etc., R. Co.* v. *Gorman* (1914), 58 Ind. App. 381, 391, 106 N. E. 897; *National, etc., Ins. Co.* v. *Wolfe* (1915), 59 Ind. App. 418, 425, 106 N. E. 390; *First Nat. Bank* v. *Ransford* (1913), 55 Ind. App. 663, 668, 104 N. E. 604.

Appellants also contend that the court committed reversible error in overruling their motion to stay proceedings in this case until appellee paid the costs of another suit brought to recover damages for the injury to his hand while in appellants' employment which he had dismissed before commencing this action. This suit is for a breach of•an alleged contract to employ appellee, and is therefore a different cause of action from that of the former suit. The trial court evidently concluded that this suit was brought in good faith; that it was not vexatious or without merit.

A stay of proceedings until the payment of costs in a former action generally, if not universally, relates to a second suit based on the same cause of action as the former suit. In any event such stay cannot be obtained as a matter of absolute right, and the request therefor presents a question of sound judicial discretion to be exercised by the court in accordance with the facts and circumstances of each particular case.

Primarily the merits of the former case depended upon appellants' liability for the injury to appellee's hand. The merits of this case do not depend upon that question, for this case proceeds on the theory that the parties had agreed upon a settlement for such liability and that appellants had violated the agreement by refusing to give appellee employment. These facts were necessarily before the trial court and we cannot say there was any abuse of discretion in refusing to stay the proceedings in this case. *Kitts* v. *Willison* (1883), 89 Ind. 95, 98; *Wait* v. *Westfall* (1903), 161 Ind. 648, 651, 68 N. E. 271; *Citizens Street R. Co.* v. *Shepherd* (1902), 29 Ind. App. 412, 414, 62 N. E. 300.

Under their motion for a new trial appellants pre-

sent the question of the sufficiency of the evidence and alleged error in giving and refusing certain instructions. It is asserted that there is no evidence from which the jury could infer that the person who made the settlement with appellee had any authority to promise him employment, or that appellants knew of such contract, or in any way ratified the same.

The evidence shows that appellants carried liability insurance in the General Accident, Fire and Life Insurance Corporation; that the policy issued to them,

6. among other things, provided that the insurance company should "defend in the name and on behalf of the assured, any suits, * * * brought against the assured to recover damages" for personal injuries; that the assured should give written notice with full information to the company, or its agent, and aid in effecting settlements of claims by securing information and furnishing evidence. The evidence also tends to show that appellee's accident was reported by appellants to the insurance company on a blank furnished for that purpose and that Charles E. Cherry, an agent of the insurance company, negotiated the settlement; that he procured from appellee a release as follows:

"Settlement in full of Claim for Personal Injury.

"I, William T. Richart, hereby admit and acknowledge that there has been paid to me in hand this day by Carter, Lee & Company the sum of three hundred and 00/100 dollars, in full settlement, accord and satisfaction of any and all claims or demands of every description which I now have or may hereafter have against the said Carter, Lee & Company on account of an accident causing an injury to me on or about August 21st 1911.

his
"William T. (X) Richart."
mark

Before bringing this suit appellee filed a suit against appellants for damages for the injury to his hand, and the foregoing release was set up as a defense to the action; that appellants had the same attorneys in both suits. The release was acknowledged before Cherry as notary public, and he testified that the signature on the back of the release was his; that he reported the settlement to Carter, Lee and Company, and told them Richart was asking for his job back. Appellee testified that he went to appellant's mill and told Mr. Carter that the insurance company had seen him and he had signed a release for $300, and was to take that amount and get his job back, and Mr. Carter said, "Certainly you will"; that he told Carter that Cherry promised him his job back and Mr. Carter replied, "Your job will be all right." Appellant Lee testified that he talked with Mr. Cherry about the settlement a day or so before he went out to see Richart; that he learned of the settlement a day or two after it was made, but did not authorize Mr. Cherry to promise employment to appellee. Appellee and several other witnesses testified in substance that Mr. Cherry promised appellee he was to have "the same job at the same money" as soon as he was able to work, and said he had authority from Carter, Lee and Company to make that arrangement; that appellee would not sign the release without assurance that he was to be employed by appellants at the same wages as soon as he was able to work and was to continue as long as he was able to work, and that Cherry agreed thereto. The evidence also tends to show that just prior to his injury appellee was receiving twenty-five cents per hour and working ten hours per day, and that his average wages for many years had amounted to twenty-five cents per hour or more.

Facts need not be proved by direct and positive evi-

dence, and the court or jury trying the case may draw any reasonable inference of fact warranted by
7. the evidence. If a fact may reasonably be inferred from the facts and circumstances which the evidence tends to establish, it is sufficient on appeal. *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 109 N. E. 784; *Hedrick* v. *D. M. Osborne & Co.* (1884), 99 Ind. 143, 147. The evidence is sufficient to warrant the jury in find-
6. ing that Cherry had authority to make settlement for both the insurance company and appellants. The release was executed to appellants, and was accepted, retained and relied upon by them. Authority to make the settlement necessarily included the power to agree upon the consideration appellee was to receive for executing the release.

It is not disputed that appellants accepted, and retain and rely upon, the release obtained by Cherry from appellee. In a case quite similar to the one at bar it has been decided that where an employer accepts such release he thereby elects to affirm the settlement as made, and cannot affirm the part beneficial to him and reject the rest. Appellants do not dispute the fact of such decision, but contend that it is bad law and should not be followed. Having concluded that there is some evidence to warrant the jury in inferring that appellants authorized Cherry to make the settlement, the decision in this case does not rest wholly upon the foregoing proposition. We observe, however, that the Supreme Court denied a transfer of the case, and this in effect makes it the decision of that court as well as this. *American Car, etc., Co.* v. *Smock* (1911), 48 Ind. App. 359, 362, 91 N. E. 749, 93 N. E. 78; *Usher* v. *New York, etc., R. Co.* (1902), 76 App. Div. 422, 78 N. Y. Supp. 508; *Id.* (1904), 179 N. Y. 544, 71 N. E. 1141. The

terms of the alleged employment were sufficiently definite to make a valid and enforceable contract. By executing the release appellee was not precluded from showing the actual consideration for which it was executed. *Pennsylvania Co.* v. *Dolan, supra; American Car, etc., Co.* v. *Smock, supra; Stewart* v. *Chicago, etc., R. Co., supra; Cox* v. *Baltimore, etc., R. Co.* (1913), 180 Ind. 495, 505, 103 N. E. 337, 50 L. R. A. (N. S.) 453.

Appellants complain of the fifth and thirteenth instructions given to the jury, which are as follows: "5. Where one holds a contract to perform service and the other party wrongfully refuses to permit the services to be performed, it is the duty of the one who is to perform the services to seek similar employment elsewhere and thereby save himself harmless, if he is reasonably able to do so. And so for a violation of such a contract the measure of damages is the wages stipulated for the full term, where the injured has been unable to secure other employment during the term. And where the injured party has been able to secure employment then the measure of damages is the diminution between the wages agreed to be paid under the contract and the wages received under the new employment. So in this case if you find that the contract existed between plaintiff and defendants as charged and that defendants wrongfully violated it as charged, then under such circumstances it was the duty of plaintiff to seek other employment. * * * 13. If under the evidence and these instructions you find for plaintiff it will then be your duty to determine and assess the damages, if any. In that connection you may consider, only however, as may be shown by the evidence the following elements viz.; the kind of work at which he was engaged before and at the time of his alleged injury and the wages, if any, paid him therefor. When, if

at all, he has been able and willing, since his alleged injury, to perform the work he was engaged in when injured, and what if any period of time since the alleged injury he has been unable to secure employment of the class at which he was engaged when injured. Also you may consider what if any other employment, he has had since his alleged injury, and the wages he has received therefor, if any. And from a consideration of the elements enumerated, only as may be shown by a preponderance of the evidence, you may assess the recovery at such an amount as will fully compensate plaintiff for the damages, if any, he has sustained, as alleged in the complaint, but not to exceed the sum demanded therein."

The instructions state the rule for the measure of damages in cases like the one under consideration substantially as declared in the decisions of both this court and our Supreme Court. *Pennsylvania Co.* v. *Dolan, supra,* 121; *Inland Steel Co.* v. *Harris* (1911), 49 Ind. App. 157, 163, 95 N. E. 271; *Hinchcliffe* v. *Koontz* (1890), 121 Ind. 422, 426, 23 N. E. 271, 16 Am. St. 403; *Hamilton* v. *Love* (1899), 152 Ind. 641, 647, 53 N. E. 181, 54 N. E. 437, 71 Am. St. 384.

Appellants also contend that the instructions on the measure of damages are erroneous because they did not direct the jury to deduct interest from the amount allowed for wages to be earned in the future. The authorities do not generally take into account the question of interest in stating the rule for the measure of damages. But if correct in their contention, which we do not decide, appellants have not shown reversible error. The instructions state the rule correctly in general terms, and if appellants desired a more specific instruction as to the items that should be deducted in arriving at the amount of the verdict, it was their duty to have tendered a proper instruction

Indiana Mfg. Co. *v.* Coughlin, Admr.—65 Ind. App. 268.

on the subject, and failing to do so, cannot be heard to complain of those given. *Malott* v. *Shimer* (1899), 153 Ind. 35, 42, 54 N. E. 101, 74 Am. St. 278; *National Fire, etc., Co.* v. *Smith* (1913), 55 Ind. App. 124, 145, 99 N. E. 829; *McAfee* v. *Montgomery* (1898), 21 Ind. App. 196, 203, 51 N. E. 957. The instructions given, when considered in their entirety, fairly and accurately state the law applicable to the issues and evidence of the case.

The case seems to have been fairly tried on its merits and a correct result reached. No intervening error has been pointed out which would warrant a reversal of the judgment.

Judgment affirmed.

NOTE.—Reported in 114 N. E. 110. Validity of contracts for permanent employment, 35 L. R. A. 515; 50 L. R. A. (N. S.) 455.